Hamilton, J.
Plaintiffs filed a petition in the court of common pleas of Cuyahoga county, undertaking to allege fraud -and misrepresentation in the *429 sale to them by the defendant of certain property in the city of Cleveland, and seeking the surrender and cancellation of notes, chattel mortgages and stocks given in payment therefor. Incidental thereto plaintiffs procured a temporary restraining order, restraining the defendant from disposing of the notes, mortgages and stock certificates pending the action. An injunction bond in the sum of $500 was executed and a temporary restraining order granted. Defendant demurred to the petition on the ground that it did not state a cause of action, and the court sustained the demurrer, dismissed the petition, and, afterwards, on motion, dissolved the temporary restraining order.
Further proceedings were taken and an amended petition was filed by plaintiffs, and, in the progress of the case, the defendant filed a cross-petition making the surety company, surety on the bond, a party, and asking for damages by reason of the injunction having been wrongfully issued. The damages claimed were for attorney’s fees and expenses by way of loss of time in- defending the injunction proceeding.
Upon the entering of the final judgment in the case, the trial court retained the case for hearing upon the answer and cross-petition of the defendant, and, upon final hearing on the cross-petition, found that the cross-petitioner was not entitled to the relief prayed for and entered dismissal of the cross-petition. Thereupon, the cross-petitioner appealed his case to this court.
Plaintiffs move to dismiss the appeal for the reason that the action is not a chancery case, but one at law. Plaintiffs having invoked the chancery *430 powers of the court, the rule is that the court can, upon dissolution of the injunction, retain the case and assess the damages arising in consequence of the injunction. The trial court might, however, have dismissed the case and left the parties their action at law on the injunction bond. Roberts et al. v. Dust et al., 4 Ohio St., 503, and The Commercial Tribune Building Co. v. Rapid Electrotype Co., 13 C. C., N. S., 559.
The filing of the cross-petition setting up the claim for damages by reason of the injunction was proper procedure and the court heard the case as in the original action. The plaintiffs having invoked the jurisdiction of a court of equity, it is entirely proper that such court should determine all the issues in the case, although, as before stated, it might have remanded the defendant to an action at [law upon the bond. Commercial Tribune Co. v. Rapid Electrotype Co., supra.
The case is, therefore, properly before this court on appeal and the motion to dismiss the appeal is overruled.
It is urged, on the merits, by plaintiffs, that the defendant is not entitled to recover for the reason that there has been no finding that the temporary ¡restraining order was wrongfully obtained. While this is the language of the bond, it is not necessary .that the decree dissolving the injunction should contain that precise language. The court found that there was no cause of action, dismissed the petition, and dissolved the restraining order. This was sufficient upon which to base an action for damages upon the bond. In substance, it is a determination that the injunction ought not to have *431 been granted. Columbus, Hocking Valley & Tol. Ry. Co. v. Burke et al., 54 Ohio St., 98; Machold v. P., C., C. & St. L. Ry., Co. et al., 4 N. P., N. S., 273, and Bishop v. Bascoe et al., 8 Dec. Rep., pp. 423, 425.
However, the record discloses that the damages claimed are not such as will permit a recovery in this action. The cross-petition claims for attorney’s fees and expenses incurred in procuring the dissolution of the injunction, and for loss of time and expenses at the hearings in obtaining the dissolution. No other item of damages is claimed.
In the case of Noble v. Arnold, 23 Ohio St., 264, the court holds that where the attorney’s fees and expenses are incurred in defeating the action, and the dissolution of the injunction is only incidental to the result, such fees and expenses are not damages sustained by reason of the injunction and no recovery therefor can be had upon the undertaking.
In the case at bar the main action was one to set aside the sale on the ground of fraud and misrepresentation, and for the delivering up and cancellation of certain instruments in writing, and the injunction against the transferring of the instruments in writing pending the action was only incidental to the main action. The cause was determined on the demurrer, and the dissolution of the injunction was only incidental to the sustaining of the demurrer, dismissing the petition. No additional attorney’s fees or expenses were rendered necessary by the allowance of the injunction, nor in procuring the dissolution thereof, as disclosed by the record. Any fees paid would have been paid if the injunction had never been allowed, as the *432 questions were determined by the demurrer. Riddle et al. v. Cheadle, 25 Ohio St., 278.
It is therefore apparent from the record that the cross-petition sets up no enforceable claim against the bond.
The cross-petition will be dismissed.
A decree may be entered in favor of the plaintiffs.

Cross-petition dismissed, and decree for plaintiffs.

Shohl, P. J., and Cushing, J., concur.
Judges of the First Appellate District, sitting in place of Judges Dunlap, Vickery and Washburn of the Eighth Appellate District.