THE STATE, EX REL. CORRIGAN, v. PERK, MAYOR.

[Cite as State, ex rel. Corrigan, v. Perk
(1973), 37 Ohio Misc. 85.]

(No. 921,809—Decided November 15, 1973.)

Common Pleas Court of Cuyahoga County.

*Messrs. John T. Corrigan,* Prosecuting Attorney, *Mr. John L. Dowling,* and *Mr. Stephen E. DeJohn,* Assistant Prosecuting Attorneys for the Plaintiff.
*Messrs. Herbert R. Whiting,* Director of Law, *Mr. Malcolm C. Douglas,* Chief Counsel, and *Mr. Theodore F. Stebbins,* Assistant Director of Law, for the Defendant.

BARRAGATE, J. This is an action in which the plaintiff seeks to enjoin the city of Cleveland from using premises contrary to the terms and provisions of a lease entered into between them, said lease being for 99 years renewable forever. The plaintiff contends and the defendant denies

that the defendant parks motor vehicles on the surface of the leased premises contrary to the terms and provisions of the lease and that by reason thereof the plaintiff is entitled to permanent injunctive relief. The defendant furthur denies that the plaintiff has suffered any irreparable injury by reason of the defendant's conduct and that the plaintiff is not therefore entitled to injunctive relief. In addition thereto the defendant contends and the plaintiff denies that by reason of the plaintiff's acquiescence in the use of the leased premises in a similar manner over a period of many years during the term of the lease the plaintiff is estopped from complaining of the defendant's conduct and that notwithstanding anything to the contrary in the lease contained, the defendant has a lawful right to park in the manner complained of by reason of an existing emergency.

1. It is a fundamental proposition of law that it is the exclusive province of the court to construe a written contract, including leases, where the writing is unambiguous. 33 Ohio Jurisprudence 2d 371. The court will endeavor, in light of the terms of the contract or lease, to bind the parties thereto, to a true and literal performance of their agreements. 42 American Jurisprudence 2d 835, Injunction, Section 87.

The lease herein specifically provides in part as follows:

"It is the intention that the surface of space . . .*shall be kept open and free* from buildings other than monuments and ornamental or memorial structures and entrances to underground structures . . . and shall be used only for the purpose of constructing, maintaining and operating *below the surface of the ground* one or more structures for public purposes, suitable for holding public exhibitions therein, or to provide space for storage, garage or other public purpose, . . ." (Emphasis added.)

Obviously, the terms of the lease are clear and unambiguous and specifically preclude the defendant from parking motor vehicles on the surface of the leased premises. By reason of such specific preclusion, the court cannot enlarge upon the terms of the lease and otherwise permit the defendant to park upon the surface of the leased premises.

2. The violation of the terms of a lease is the proper subject matter of injunctive relief, *Fuchs* v. *United Motor Stage Co.* (1939), 135 Ohio St. 509, and such injunctive relief is the proper remedy to restrain repeated injury. 29 Ohio Jurisprudence 2d 186.

A court of equity reserves its injunctive process for the protection of property rights against actual or threatened injuries which cannot be *monetarily compensated* or otherwise adequately remedied in a court of law. 42 American Jurisprudence 2d 787, Injunctions, Section 48.

The general principle, however, which applies to enjoining only irreparable injuries, has no application where (1) injuries are repeated or continuous (*Id.* at section 49), or (2) where such acts might give rise to a prescription or easement rights (*Id.* at section 48), or (3) where a statute authorizes an injunctive process against certain acts and says nothing of the injury caused by those acts (*Id.* at section 48).

The applicable statutory provision here, Ohio Revised Code Section 309.12 provides in part, as follows:

"Upon being satisfied...that any property, real or personal, belonging to the county is being illegally used or occupied, or that such property is being used or occupied in violation of contract, or that the terms of a contract made by or on behalf of the county are being or have been violated...the prosecuting attorney may, by civil action in the name of the state, apply to a court of competent jurisdiction, to restrain...or to recover, for the benefit of the county, such real or personal property so used or occupied...."

Although it is quite clear that the plaintiff did not sustain monetary damage, nevertheless, it did sustain "irreparable injury" by the threatened continuous violation of the terms of its lease for which it is entitled to injunctive relief either by reason thereof or pursuant to the statute above set forth.

3. Black's Law Dictionary (Rev. 4 Ed.), defines emergency as follows:

"A sudden unexpected happening; an unforseen occurrence or condition; . . . a sudden or unexpected occasion for action; ..."

Ballentine's Law Dictionary (2 Ed.), sets forth the following definition of emergency as:

"A pressing necessity; an exigency; an event or occasional combination of circumstances calling for immediate action or remedy."

An emergency, however, does not exist where, as was indicated by the evidence presented to the court, the circumstance and/or situation is forseeable; the duration thereof is for an extended period of time, as in the instant case (two years or more); and other means are available to provide for the situation. The defense of "emergency" is therefore not available to the defendant.

4. Estoppel may arise under certain circumstances from silence or inaction, if and when the facts indicate a duty and an opportunity to speak and a failure to do so, coupled with the knowledge that another will rely on such silence, and that the other actually does rely on such silence to his damage. *Graef* v. *Dime Savings Bank* (App. 1937), 24 Ohio Law Abs. 409.

The failure to speak or act must involve an element of fraud or bad faith. *Insurance Co. of N. A.* v. *Miller* (1903), 1 C. C. (N. S.) 397, affirmed, 71 Ohio St. 489.

Where however, as indicated by the evidence herein, there has been no change of position and/or damage to the acting party, the doctrine of estoppel will not apply nor will the doctrine apply by the occasional use of the leased premises for parking of motor vehicles and other equipment during construction or at a public exhibition of motorized equipment or by the use of said premises under and pursuant to the "police powers" for direction of both vehicular and pedestrian traffic.

The defendant's contention that a permanent leasehold estate renewable forever is in effect a fee simple estate was not seriously advanced. In any event suffice it to say such an estate is not a fee simple estate although under the Ohio statute it has many of the incidents thereof. The fee simple remains in the lessor. *Rawson* v. *Brown* (1922), 104 Ohio St. 537.

Injunction granted.