BIG DRUM, INC., APPELLEE, *v.*
LINDLEY, TAX COMMR., APPELLANT.

[Cite as Big Drum, Inc., v. Lindley (1980),
62 Ohio St. 2d 82.]

(No. 79-1365—Decided April 16, 1980.)

*Messrs. Chamblin & Snyder* and *Mr. Larry H. Snyder,* for appellee.

*Mr. William J. Brown,* attorney general, and *Mr. John C. Duffy, Jr.,* for appellant.

*Per Curiam.* It is uncontested that the paper products and sugar cones are materials or parts incorporated into tangi-

ble personal property, *i.e.*, the packaging machines. The issue we must decide is whether there is a "sale," as defined by R. C. 5739.01(B), when appellee transfers the packaging machines to its customers.

Appellant contends that our decision in *Coca-Cola Bottling Corp.* v. *Kosydar* (1975), 43 Ohio St. 2d 186, is controlling in the present case. We held in *Coca-Cola* that "***[t]he transfer of such equipment to retailers without making a direct charge to the retailers for the equipment does not constitute an excepted purpose on the part of the consumer-wholesaler to purchase the equipment for resale in the same form it is received by the consumer, pursuant to R. C. 5739.01(E)(1); and, the agreement by retailers to use the equipment exclusively for dispensing appellant's products and to maintain a specified average sales volume of appellant's products, does not constitute consideration as contemplated by R. C. 5739.01."

Appellant argues that since appellee makes no "direct" charge to its customers for the use of the machines, there is no sale. This argument is without merit. We concluded in *Coca-Cola*, at page 194, by stating: "***the transfers to retailers of the items assessed by the Tax Commissioner were gratuitous, conditional and unsupported by any form of consideration." In the instant cause, appellee is in the business of manufacturing the machinery and equipment. Any allegation that appellee transfers these machines on a "gratuitous" basis is groundless. There was sufficient evidence in the record for the Board of Tax Appeals to conclude that the machines were rented to appellee's customers for consideration. Thus, on the facts in this case, there was a "sale" as defined in R. C. 5739.01(B).

We conclude that the decision of the Board of Tax Appeals was reasonable and lawful and it is hereby affirmed.

*Decision affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.