GENERAL MILLS FUN GROUP, INC., KENNER PRODUCTS DIV., APPELLANT, *v.*
LINDLEY, TAX COMMR., APPELLEE.

[Cite as General Mills Fun Group, Inc. *v.* Lindley
(1982), 1 Ohio St. 3d 27.]

(No. 81-1943—Decided July 14, 1982.)

*Messrs. Postlewaite, O'Brien & Mason* and *Mr. William N. Postlewaite,* for appellant.

*Mr. William J. Brown,* attorney general, and *Ms. Barbara E. Vest,* for appellee.

KRUPANSKY, J. The two issues presented in this appeal are as follows:

First, whether appellant's transfer of the artwork, color separations and sculptures to outside suppliers constituted a "resale" of those items so as to exempt appellant from sales and use tax pursuant to R.C. 5739.01(E)(1) and 5741.02(C)(2).

Second, whether the Board of Tax Appeals reasonably concluded the evidence was insufficient to establish that certain materials purchased by appellant were delivered out of state.

I

Appellant contends its purchases of artwork, color separations and sculptures are exempt from sales and use taxation because it "resold" those items to outside suppliers within the meaning of R.C. 5739.01(E)(1) and 5741.02(C)(2). R.C. 5739.01(E) permits an exception from sales tax when the purpose of the consumer is "(1) [t]o resell the thing transferred in the form in which the same is, or is to be, received by him.* * *" R.C. 5741.02(C)(2) is a use tax statute which incorporates the sales tax exceptions of R.C. Chapter 5739. It is undisputed the items in issue were transferred to the outside suppliers in the form in which they were received by appellant. It is therefore necessary to determine whether appellant "sold" the items to the outside suppliers. The primary focus is whether there was consideration present in the contracts between the appellant and its suppliers.

R.C. 5739.01(B) defines "sale" and "selling" to "include all transactions by which title or possession, or both, of tangible personal property, is or is to be transferred * * * for a consideration in any manner, whether absolutely or conditionally, whether for a price or rental, in money or by exchange, and by any means whatsoever * * *."

The parties agree possession of the artwork, color separations and sculptures was transferred to the outside suppliers, but disagree as to whether those transfers were "for a consideration" within the meaning of the statute.

In support of its position, appellant cites this court's decision in *General Motors Corp.* v. *Kosydar* (1974), 37 Ohio St. 2d 138 [66 O.O.2d 304]. The transaction in *General Motors* is similar to the ones in the case *sub judice* insofar as neither involve monetary consideration. In *General Motors,* however, consideration was found in the parties' bilateral requirements contract, and this court stated:

"The contractual agreements between General Motors and its outside suppliers constitute bilateral 'requirements' contracts. The agreement calls for a mutual exchange of promises between General Motors and its suppliers.

General Motors covenants to the suppliers to grant an exclusive license to use General Motors' tooling and a promise to pay the suppliers for all General Motors' requirements of the tooling which the suppliers produce. In return, the suppliers promise to produce all the parts General Motors requires according to the time, quality and quantity specifications General Motors establishes, and to produce those parts exclusively for General Motors. Where the terms of such a contract are specific, the agreement to buy or sell what will be 'needed' or 'required' has been enforced by the courts with little difficulty, and has been held to be based upon consideration. * * * In *Fuchs* v. *United Motor Stage Co.* (1939), 135 Ohio St. 509 [14 O.O. 399], this court recognized the business necessity for, and the legality of, requirements contracts, stating that the mutual promises of the buyer to buy and the seller to sell the requirements of a commodity are consideration one for the other. Likewise, it has been stated another way—that the promise of a seller not to manufacture except for the buyer, or the promise of the buyer not to buy except from a particular seller, is clearly a promise to do something detrimental." *Id.*, at 146-147.

The record in the case *sub judice* clearly establishes the agreements between appellant and its suppliers do not fall within the scope of the bilateral requirements contract upon which the decision in *General Motors* was based. The *General Motors* case is, therefore, distinguishable, and appellant's reliance upon it is misplaced.

Appellant's reliance on this court's decision in *Big Drum, Inc.* v. *Lindley* (1980), 62 Ohio St. 2d 82 [16 O.O.3d 70], is also misplaced. In that case, consideration was found in the form of a rental fee paid by the taxpayer's customers for the use of machinery which was transferred to them by the taxpayer. In the case *sub judice,* however, there was no evidence of a rental fee, no charge whatsoever, nor was there any form of consideration paid by the outside suppliers to appellant for the use of the materials transferred to them.

The factual pattern of this case is analogous to the one in *Coca-Cola Bottling Corp.* v. *Kosydar* (1975), 43 Ohio St. 2d 186 [72 O.O.2d 104], which held there was no consideration for the taxpayer's transfer of equipment to its customers for their use in dispensing beverages when there was no direct charge to the customers for the use of the equipment.

We hold, therefore, there was no consideration within the meaning of R.C. 5739.01(B) when the outside suppliers were not charged for the use of the items transferred to them, there was no evidence of a bilateral requirements contract as was found in *General Motors, supra,* and there was no evidence of any legal detriment suffered by the outside suppliers in connection with their use of the items.

## II

Appellant also appeals the portion of the Board of Tax Appeals' decision which affirmed the commissioner's assessment on certain purchases which ap-

pellant asserts were delivered outside Ohio. Pursuant to R.C. 5739.02(B)(10), property sold in Ohio is exempted from taxation if the vendor shows that the property was delivered outside Ohio.

Upon reviewing the record, the board found appellant's assertions were not clearly established in the record. The board noted that in lieu of invoices, appellant presented the testimony of its then Director of Accounting Services, Thomas M. Waters, to show deliveries were made outside Ohio. Waters, however, had no personal knowledge of the deliveries.

In essence, appellant challenges the board's findings of fact. This court has, however, consistently held the board's determinations on issues of fact will not be disturbed absent a showing of patent abuse of discretion. See, *e.g.*, *Southwestern Portland Cement Co.* v. *Lindley* (1981), 67 Ohio St. 2d 417, 421-422 [21 O.O.3d 261, 264]; *Cardinal Federal S. & L. Assn.* v. *Bd. of Revision* (1975), 44 Ohio St. 2d 13, 20 [73 O.O.2d 83, 87].

We find no abuse of the board's discretion when the evidence submitted by appellant to show deliveries outside Ohio was the unsupported testimony of one of its employees who had no personal knowledge of the deliveries.

The decision of the Board of Tax Appeals, being neither unreasonable nor unlawful, is therefore affirmed.

*Decision affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, HOLMES and C. BROWN, JJ., concur.

LOCHER, J., concurs in the judgment.