[Cite as *DC Welch Trucking v. Lagowski*, 2021-Ohio-4555.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

DC WELCH TRUCKING LLC,

Plaintiff-Appellee,

v.

ROGER LAGOWSKI,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 21 BE 0006**

---

Civil Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case No. 20-CV-021

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed

---

*Atty. Jacob Manning*, Dinsmore & Shohl, LLP., 2100 Market Street, Wheeling, West Virginia 26003, for Plaintiff-Appellee and

*Atty. Dennis McNamara*, McNamara Law Office, 88 East Broad Street, Suite 1350, Columbus, Ohio 43215, for Defendant-Appellant.

Dated:
December 13, 2021

**Donofrio, J.**

{¶1}   Defendant-appellant, Roger Lagowski, appeals from a Belmont County Common Pleas Court judgment in favor of plaintiff-appellee, DC Welch Trucking, LLC, owned by Dennis Welch, in the amount of $25,734.39, plus interest.

{¶2}   Appellant owns a six-acre plot of land across the street from his house.  On this land he built a commercial building consisting of multiple office spaces, a townhouse, and several garages in the back.  There is a small parking lot in front of the building where cars park.  Behind the building there is a much larger space that the companies who rent space in the building use to park their trailers.  This lot had an access road and was flattened out by appellant, but was otherwise unfinished.

{¶3}   The rest of the facts in this case are in dispute.  It can be determined from the record that appellant was looking to turn the large lot into a finished parking lot and entered into business with Wilcox Excavating in June of 2019.  Wilcox Excavating is owned by Dennis Wilcox.

{¶4}   Eventually, appellee was contacted and asked to deliver various types of stone to the lot in furtherance of building the parking lot.  In total, appellee made 54 trips to appellant's land delivering stone valued at $27,234.39.  There were no complaints from anyone involved as to appellee's performance or the quality of the materials delivered.  But appellee was not paid for the work aside from a single $1,500 payment. Dennis Welch claimed appellant placed this payment on his front porch.  This payment was deducted from the total bill.  Appellant claims he paid Wilcox for the stone.  Wilcox denied this.

{¶5}   On January 21, 2020, appellee filed a complaint against appellant for breach of contract and unjust enrichment.  The matter proceeded to a bench trial on December 14, 2020, where the court heard testimony from appellant, Welch, Wilcox, and the owner of the stone company.

{¶6}   In its January 15, 2021 judgement entry, the trial court found appellee was entitled to judgment against appellant in the amount of $25,734.39.  It found appellee showed by clear and convincing evidence the elements of a contract.  The court also found appellee had met all elements needed to show unjust enrichment.  So that even if

the court had not found that there was a contract present between the parties, appellee would still be entitled to judgment for unjust enrichment.

**{¶7}** Appellant filed a timely notice of appeal on February 1, 2021. He now raises two assignments of error. We will address appellant's assignments of error out of order for ease of discussion.

**{¶8}** Appellant's second assignment of error states:

> THE TRIAL COURT'S VERDICT FINDING THAT WELCH TRUCKING HAD PROVED ALL OF THE ELEMENTS OF ITS UNJUST ENRICHMENT CLAIM AND THAT ROGER LAGOWSKI OWED DC WELCH TRUCKING, LLC $25,734.39 AND INTEREST WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

**{¶9}** Appellant argues that all three elements needed for a successful unjust enrichment claim were not met. Specifically, appellant focuses on the third element which states that "retention of the benefit in circumstances where retention without payment is unjust to the plaintiff" is not met. *Hambleton v. Barry Corp.*, 12 Ohio St.3d 179, 183, 465 N.E.2d. 1298 (1984). Appellant points to his own testimony claiming he had already paid Wilcox for the work. Appellant also points to the relationship between Welch and Wilcox, who were friends since high school, and claims that it would be unfair for Wilcox to escape liability, and that appellee should have filed suit against him as well.

**{¶10}** When reviewing civil appeals from bench trials, an appellate court applies a manifest weight standard of review. *Revilo Tyluka, L.L.C. v. Simon Roofing & Sheet Metal Corp.,* 193 Ohio App.3d 535, 2011-Ohio-1922, 952 N.E.2d 1181, ¶ 5 (8th Dist.), citing App.R. 12(C), *Seasons Coal v. Cleveland*, 10 Ohio St.3d 77, 461 N.E.2d 1273 (1984). Judgments supported by some competent, credible evidence going to all the material elements of the case must not be reversed as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578, syllabus (1978). See also, *Gerijo, Inc. v. Fairfield*, 70 Ohio St.3d 223, 226, 638 N.E.2d 533 (1994). Reviewing courts must oblige every reasonable presumption in favor of the lower court's judgment and findings of fact. *Gerijo*, 70 Ohio St.3d at 226 (citing

*Seasons Coal Co.*, supra). In the event the evidence is susceptible to more than one interpretation, we must construe it consistently with the lower court's judgment. *Id.*

**{¶11}** The trial court found that the elements of unjust enrichment were met. It looked to *HLC Trucking v. Harris*, 7th Dist. Belmont, No. 01 BA 37, 2003-Ohio-694, ¶¶ 25-26, to explain the elements of unjust enrichment, where this Court explained:

> Unjust enrichment is based on the principle that a person should not be allowed to profit or enrich himself inequitably at another's expense, and should be required to make restitution to the party suffering the loss. *Henkle v. Henkle* (1991), 75 Ohio App.3d 732, 738, 600 N.E.2d 791.

> "To support a claim of unjust enrichment, a plaintiff must demonstrate that (1) he conferred a benefit upon the defendant, (2) the defendant had knowledge of the benefit, and (3) circumstances render it unjust or inequitable to permit the defendant to retain the benefit without compensating the plaintiff. *Hambleton v. R.G. Barry Corp.* (1984), 12 Ohio St.3d 179, 183, 12 OBR 246, 465 N.E.2d 1298. The plaintiff must confer the benefit as a response to fraud, misrepresentation, or bad faith on behalf of the defendant. *Natl. City Bank v. Fleming* (1981), 2 Ohio App.3d 50, 58, 2 OBR 57, 440 N.E.2d 590. That is, there must be a tie of causation between the plaintiff's loss and the defendant's benefit. *Elbert v. West* (Aug. 20, 1986), Lorain App. No. 3985, unreported, at 5, 1986 WL 9131." *Laurent v. Flood Data Serv., Inc.* (2001), 146 Ohio App.3d 392, 399, 766 N.E.2d 221.

**{¶12}** Thus, we must examine the evidence to determine if appellee presented competent, credible evidence going to all of the elements of unjust enrichment.

**{¶13}** Richard Petrozzi, owner of Egypt Valley Stone, was the first witness. Egypt Valley Stone conducts regular business with appellee. (Tr. 10). Petrozzi's testimony explained the process appellee goes through to buy stone and how it is billed for the stone received from stone suppliers like Egypt Valley Stone. Petrozzi explained that there is no way for him to know where each delivery that leaves Egypt Valley Stone goes. (Tr. 12). He stated that he documents how much and what type of stone appellee

takes at each delivery and then bills appellee at the end of each month.  (Tr. 12).  He also noted that appellee did not currently owe Egypt Valley Stone anything and that no one other than Welch ever paid the bill for appellee.  (Tr. 13).

**{¶14}**  Welch testified next.  Welch stated he was first contacted about delivering stone to appellant by Wilcox.  (Tr. 24).  Wilcox gave him the address of the lot, asked for a bid, and Welch gave a bid price of $20 per ton.  (Tr. 24).  Welch expressed that he believed appellant was next to Wilcox while he and Wilcox were on the phone and he believed that appellant gave Wilcox the "go ahead" to accept his offer.  (Tr. 70).

**{¶15}**  Welch also testified that he communicated with appellant through text messages.  (Tr. 29).  Welch copied these text messages and printed the copies.  (Plaintiff's Ex. 4).  They showed multiple messages between Welch and appellant including appellant asking Welch if he could deliver more stone, messages discussing the total amount owed for the stone, appellant asking if he could stop by and grab an invoice from Welch, and a message that said appellant left $1,500 cash on Welch's porch.  (Tr. 29-34, 39).

**{¶16}**  Next, Wilcox testified.  Wilcox denied the existence of any contract between appellant and himself, claiming any writings to the contrary were forged.  (Tr. 85).  In his testimony, Wilcox expressed that appellant was asking his opinion as to how to finish the parking lot, and that he recommended appellee and called Welch as a result of appellant's orders.  (Tr. 75).  He claimed that no agreement had been made about who would pay for the deliveries and that he only contacted Welch for appellant.  (Tr. 77).

**{¶17}**  Wilcox further denied having received the $36,500 from appellant and claimed that the invoices stating such are forged.  (Tr. 80).  However, he did admit that he was paid two separate times with checks of $3,000 and a third time with a cash payment of $1,000 for a total of $7,000.  (Tr. 78).  He noted that this did not cover the bill for the work he had done and that he was actually filing suit against appellant in small claims court for the remaining $3,500 of the original $10,500 that Wilcox claimed to have invoiced.  (Tr. 98).

**{¶18}**  Finally, appellant testified.  He stated that he was in fact billed $36,500 by Wilcox and that he witnessed Wilcox mark the invoices as "Paid."  (Tr. 104; Defense Exs. C, D, E, F, G).  Appellant further testified that only two payments were made via check

and that Wilcox then asked him to pay the rest in cash because he was going through a divorce and wanted to hide the money. (Tr. 105). Exhibits were introduced to show pictures of money and of Wilcox sitting in his vehicle. (Tr. 111). Appellant claimed he took the pictures to show proof of the cash payments he was giving to Wilcox. (Tr. 111). Appellant stated that Wilcox would not allow pictures to be taken of him holding the money. (Tr. 127)

{¶19} Defense counsel also provided pictures of text messages between appellant and Wilcox. (Tr. 108). These text messages showed Wilcox asking appellant when he was going to get paid. (Tr. 109). Appellant then denied that the text conversations he supposedly had with Welch were real, and that he did not leave $1,500 on his porch. (Tr. 127-128).

{¶20} Lastly, counsel provided bank statements showing withdrawals that appellant claimed to have been made for payment to Wilcox. (Tr. 114). On cross examination, appellant was asked about why money was deposited into his account the same day money was withdrawn. (Tr. 121). Appellant testified that he would withdraw money from the account every time he was paid by his tenants. (Tr. 124). After being asked to look at the exhibits, appellant stated that he saw statements of withdrawals of $6,000 on September 5 and $6,000 on October 1. (Tr. 123).

{¶21} In finding that appellee proved all elements of unjust enrichment, the trial court pointed to the 54 deliveries totaling nearly 1,360 tons of stone that appellant received. Appellant was then able to complete his project and lease the space, so there was a benefit received. Then the court found that appellant had knowledge of this benefit, meeting the second element. Lastly, the court found that it would be inequitable to permit appellant to avoid payment to appellee. It stated that appellant's sole argument was that he had already paid Wilcox for the job, but the court found this testimony not credible. The trial court found that appellant's refusal to compensate appellee was at best bad faith and at worst fraudulent.

{¶22} The parties here presented conflicting evidence as to the agreement to purchase the stone and who paid, or failed to pay, whom. This case rested on which witnesses were more credible. Such issues are best left to the trier of fact. *Seasons Coal Co.*, 10 Ohio St.3d at 80. This is because the trier of fact is in a better position to judge

the witnesses' credibility since it can observe the witnesses' demeanor, gestures, and voice inflections, and use these observations in weighing their credibility. *Id.* In this case, the trial court clearly found Wilcox's and Welch's testimony to be more credible than appellant's testimony.

**{¶23}** When the trial court's judgment is supported by some competent, credible evidence going to all the material elements, we will not be reverse it as being against the manifest weight of the evidence. *C.E. Morris Co.*, 54 Ohio St.2d at the syllabus. Because the finding of unjust enrichment is supported by some competent, credible evidence it is not against the manifest weight of the evidence.

**{¶24}** Accordingly, appellant's second assignment of error is without merit and is overruled.

**{¶25}** Appellant's first assignment of error states:

> THE TRIAL COURT'S VERDICT FINDING THAT WELCH TRUCKING PROVIDED BY CLEAR AND CONVINCING EVIDENCE THAT ROGER LAGOWSKI VIOLATED THE TERMS OF THE ORAL CONTRACT AND OWED DC WELCH TRUCKING, LLC $25,734.39 AND INTEREST WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

**{¶26}** Appellant argues that there was no contract between himself and Welch. He claims Wilcox was a subcontractor and should be the one responsible for paying Welch. Appellant asserts there was no evidence to support an oral contract because the theory of an oral contract was not believable.

**{¶27}** The burden of proof on one seeking to enforce an oral contract requires that party to prove the existence of the contract by clear and convincing evidence. *Ramun v. Ramun*, 7th Dist. Mahoning No. 12 MA 61, 2014-Ohio-4440, ¶ 26. Clear and convincing evidence is evidence that will produce in the fact-finder's mind a firm belief or conviction as to the facts sought to be established. *Id.* Since appellee looked to enforce the oral contract, the burden of proof was on it to prove the contract's existence by clear and convincing evidence. The trial court held that the burden of proof was met and that an oral contract existed.

**{¶28}** In its decision on the breach of contract claim, the trial court noted that the Ohio Supreme Court determined that contracts which call for performance by plaintiff, not for a definite period, but for so long as defendant required the product are known as requirement contracts. *Fuchs v. United Motor Stage Co.*, 135 Ohio St. 509, 21 N.E.2d 669 (1939). The trial court pointed to the following statement by the Supreme Court:

> There is no specific amount of merchandise to be sold on the one hand and purchased on the other. The amount is to be determined by the requirements of the defendant as demanded by its business, a matter which is within the control of the defendant and about which is not in position to complain. This contract in character is known as a requirement contract. Such contracts are not unusual and have been upheld generally by the courts. Of course, there must be terms, conditions, or circumstances from which quantities of material or merchandise sold may be determined, or at least approximated. But when such requirements have a fixed business basis, as distinguished from a mere whim of the party making the purchase, there is sufficient certainty in this respect.

*Id.* at 513.

**{¶29}** The trial court found that appellee had proven by clear and convincing evidence the elements of a requirement contract.

**{¶30}** A contract in writing whereby one agrees to buy, for a sufficient consideration, all the merchandise of a designated type which the buyer may require for use in his own established business, is known as a requirement contract. *Id.*, at paragraph two of the syllabus. Appellee claims that there existed an oral contract between itself and appellant. There is no claim or evidence to support that any written contract existed between the parties here. Therefore, the elements for a written requirement contract were not met.

**{¶31}** Nonetheless, we have already determined that the trial court's judgment in favor of appellee on the unjust enrichment claim was not against the manifest weight of the evidence and that judgment in appellee's favor was supported by the evidence. Therefore, whether there was a valid requirement contract between the parties or not, there is no reversible error as judgment in appellee's favor was proper.

**{¶32}** Accordingly, appellant's first assignment of error is without merit and is overruled.

**{¶33}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, J., concurs.

D'Apolito, J., concurs.

[Cite as *DC Welch Trucking v. Lagowski*, 2021-Ohio-4555.]

———————————

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Belmont County, Ohio, is affirmed.  Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**