BENRUS WATCH CO., APPELLEE, *v.* WEINSTEIN WHOLESALE JEWELERS, INC., ET AL., APPELLANTS.
BULOVA WATCH CO., APPELLEE, *v.* WEINSTEIN WHOLESALE JEWELERS, INC., ET AL., APPELLANTS.
SPEIDEL CORPORATION, APPELLEE, *v.* WEINSTEIN WHOLESALE JEWELERS, INC., ET AL., APPELLANTS.

(Nos. 5133, 5134 and 5135—Decided February 9, 1959.)

*Messrs. Farber, Cochrane, Green & Schrader* and *Mr. Edward A. McNeill,* for appellees.

*Mr. Eliot L. Kaplan* and *Mr. Harland M. Britz,* for appellants.

FESS, J.   These appeals come to this court on questions of law from the following similar orders entered by the Common Pleas Court in each of the three cases:

"This day this cause came on to be considered by the court upon its own motion and it appearing to the court that at the time of the issuance of the temporary order herein, the Ohio Fair Trade Act, Section 133.05 [*sic*], et seq. Ohio Revised Code (originally enacted as Section 6402-2, et seq., Ohio Revised [*sic*] Code, effective July 9, 1936) was, by decisions and judgments of courts of record of this state, including the Court of Appeals of Lake County, Ohio, in *Union Carbide & Carbon Corp.* v. *Bargain Fair, Inc., et al.,* No. 568, constitutional in all respects and that, consequently, the temporary order entered herein on November 18, 1957, was proper in view of the evidence submitted and the authorities cited to the court and should have been granted; that by decision and judgment entered by the Supreme Court of Ohio on January 22, 1958, in *Union Carbide & Carbon Corp.* v. *Bargain Fair, Inc., et al.,* 167 Ohio St., 182, the nonsigner provisions of said act were declared unconstitutional; and it further appearing to the court that only the nonsigner provisions of said act are in issue herein, the defendants being nonsigners, the court is of the opinion and finds that the temporary order entered herein should be vacated, the injunction bond cancelled and the surety discharged, and this cause dismissed at plaintiff's costs with no final record.  It is therefore ordered, adjudged and decreed that the temporary order entered herein on November 18, 1957, be, and it hereby is, vacated; that the injunction bond filed herein by the plaintiff be, and it hereby is, cancelled and the surety discharged; and that this cause be, and it hereby is, dismissed at plaintiff's costs; no final record.  To all of which the defendants except."

In November 1957, temporary injunctions were granted ex parte enjoining the defendants from selling at retail any of the products of the several plaintiffs at prices which are less

than the minimum retail resale price stipulated by the plaintiffs pursuant to agreements alleged in the petitions. The agreements alleged in the petition relate to contracts between the several plaintiffs and retailers (not necessarily the defendants) made pursuant to the provisions of Section 1333.06, Revised Code.

Injunction bonds in the sum of $1,000 each were furnished to secure the payment "to the defendant of all damages he may sustain by reason of the injunction in this action, if it be finally decided that the said injunction ought not to have been granted."

In cases Nos. 5133 and 5134, on November 26, 1957, motions to dissolve the injunctions were filed without supporting affidavits as contemplated by the provisions of Section 2727.14, Revised Code.

The motions to dissolve the injunctions and also motions to show cause for contempt in seven similar cases came on for hearing on December 13, 1957. (Pending the appeals, four of the seven cases were settled and the appeals dismissed.) This hearing was only upon arguments of counsel and was continued from time to time until April 1, 1958.

In the meantime, on January 22, 1958, the Supreme Court of Ohio, in *Union Carbide & Carbon Corp.* v. *Bargain Fair, Inc.*, 167 Ohio St., 182, 147 N. E. (2d), 481, held that the nonsigner provisions of the Fair Trade Act were unconstitutional.

At the hearing on April 1st, counsel for the defendant asserted that, incident to the vacation of the temporary injunction, a finding be made that the order should not have been granted. Again, this hearing was confined to arguments of counsel. Toward the conclusion of the hearing, the court announced that it would dissolve the temporary restraining orders, dismiss the plaintiffs' cases and discharge the bonds and the sureties thereon. At the conclusion of the hearing, counsel for defendants stated that defendants in their claims for damages might be prejudiced by the fact that the order was made on the court's own motion rather than upon the plaintiffs' motion. On July 23, 1958, the cases came on for further hearing upon the settlement of the journal entries. Counsel for defendants objected to that part of the entries submitted by the

plaintiffs in effect stating that the temporary restraining order should have been granted in view of the evidence submitted to the court, and stated:

"If the court is inclined to make that kind of a determination, then it ought to be on the basis of evidence which is submitted not only for the plaintiffs, but also evidence which the defendants would like to submit and, therefore, there ought to be a hearing before the court makes that kind of a finding in the journal entry. Then the defendant ought to be entitled to cross-examine the witnesses who are proposing to have presented the evidence upon which the court is making the finding, and the defendants ought to be entitled to submit their evidence as to whether or not this temporary restraining order should or should not have been granted.

"* * *

"On this question of evidence as to whether it should or should not have been granted, I think it is well to remind the court that all of these restraining orders were granted ex parte without notice and without hearing, so that there was no evidence ever introduced by the defendants.

"* * *

"Now, I think I ought to say, too, that if the court intends to file or approve the plaintiffs' entry, I would like to make several requests. One is I would like to have a hearing at which we could make up a record so that when and if we went to the Court of Appeals, the whole record of what transpired in connection with all matters on the proposed plaintiffs' entry would be supported or not supported by evidence."

After the court indicated that the entries submitted by plaintiffs with several minor modifications would be approved, counsel for defendants further stated:

"As modified after hearing thereon, the defendants request that this cause be set down for a further hearing for the purpose of giving the defendant an opportunity to introduce evidence in support of their contention that the temporary restraining order should not have been granted.

"And I assume that—are you, or not, going to grant a hearing for that purpose?

"The Court: I don't think I have any authority; the case is closed; the cause is dismissed."

Upon the dissolution of a temporary injunction, the defendant has alternative remedies of proceeding by way of a cross-petition in the injunction action or by the filing of an independent action for damages sustained, if it is finally decided that the injunction should not have been granted. A plaintiff, having invoked the jurisdiction of a court of equity by a proceeding in injunction, the court may determine all issues arising in the case, including one on a cross-petition by the defendant for damages by reason of the injunction, or leave the parties to an action at law upon the injunction bond. *Gray* v. *Gordon,* 12 Ohio App., 428, citing *Roberts* v. *Dust,* 4 Ohio St., 503, and *Commercial Tribune Building Co.* v. *Rapid Electrotype Co.,* 13 C. C. (N. S.), 559, 23 C. D., 475. As a prerequisite to recovery, it must have been decided that the injunction ought not to have been granted. *Krug* v. *Bishop,* 44 Ohio St., 221, 6 N. E., 252; *Columbus, Hocking Valley & Toledo Ry. Co.* v. *Burke,* 54 Ohio St., 98, 43 N. E., 282. Cf. Section 2727.07, Revised Code. But with respect to an independent action for damages on the bond it has been held that the dismissal of the petition for injunction and the dissolution thereof are conclusive evidence that the injunction ought not to have been granted, and that in absence of fraud or collusion, the defendants are concluded by the judgment in the injunction proceeding and can not re-open the questions which were the subject matter of the injunction proceeding. *Berkey Farmers' Mutual Telephone Co.* v. *Sylvania Home Telephone Co.,* 97 Ohio St., 67, 119 N. E., 140. Cf. *Gray* v. *Gordon, supra,* and 29 Ohio Jurisprudence (2d), 465.

It seems clear that the court in the case in which the temporary injunction is issued has jurisdiction, upon its dissolution, in his discretion, to determine whether or not the injunction was properly granted. In the absence of a claim for damages upon the bond, it would appear to be the better practice to dissolve the injunction without prejudice to any claim for damages, and to refrain from cancelling the bond. The procedure incident to seeking dissolution of a temporary injunction is prescribed by Section 2727.14, Revised Code, reading as follows:

"When an injunction has been granted before trial, a party may apply to the court in which the action is pending, or a judge thereof, to vacate or modify such injunction. The party applying for such vacation or modification shall give to the adverse party such notice of the time and place at which the motion will be heard as the court or judge finds reasonable. The application may be made upon the petition and affidavits on which the injunction was granted, or upon affidavits on the part of the party enjoined, with or without answer.

"When, on the part of the defendant, the application is made upon affidavits, but not otherwise, the plaintiff may oppose it by affidavits or other evidence, in addition to the evidence on which the injunction was granted."

The record upon these appeals discloses that affidavits were not filed in support of or contra the motion to dissolve the temporary injunction. Although the statute does not so provide in specific terms, it seems to be apparent that when the question whether the injunction should or should not have been granted is raised, the decision thereon cannot be made without the reception of evidence upon request being made therefor.

It is conceivable that in support of his application to dissolve the injunction, defendant might show that as a matter of fact he did not violate the provisions of the Fair Trade Act. Therefore, without deciding the question as to whether the subsequent declaration that the act was unconstitutional would support a decision that the injunction should or should not have been granted prior to the declaration of unconstitutionality, we find that the court erred in failing to accord the appellant an opportunity to present evidence at a hearing upon such issue and that the orders should be reversed and the cases be remanded for further proceedings.

*Orders reversed.*

DEEDS and SMITH, JJ., concur.