RICE, APPELLEE, *v.* DUDICK CORROSION-PROOF, INC. ET AL., APPELLANTS.

(No. 13955—Decided May 31, 1989.)

*Robert P. Sweeney,* for appellee.

*Jeffrey Embleton; Roger Strassburg; William Tonsley Smith; Thomas M. Parker* and *Lori L. Van Aschen;* and *Louis C. Woolf,* for appellants.

QUILLIN, J. Appellants challenge the trial court's determination that the court reporter's fees for sixteen depositions should not be taxed as costs to the non-prevailing party pursuant to Civ. R. 54(D). We affirm.

Denise Rice, as administratrix of her husband's estate, sued appellants for wrongful death and personal injury, alleging that as a result of her husband's exposure to chemicals used in his duties as an employee of Dudick Corrosion-Proof, Inc., he contracted acute mylogeneous leukemia. After a trial on the merits, the jury returned a verdict for appellants. In denying appellants' motion to tax deposition costs to the appellee, the trial court relied on *Jones* v. *Pierson* (1981), 2 Ohio App. 3d 447, 2 OBR 542, 442 N.E. 2d 791, which held that the expense of a deposition used only for impeachment purposes is generally not so vital to the litigation as to constitute a necessary litigating expense which will be taxed as a cost. Therefore, the trial court determined that the court reporter's fee for the depositions of Thomas Dudick, Denise Rice, Dr. Confer, Dr. Howe, Dr. Hines, Mr. Brysacz, Mr. Butterbaugh, Mr. Tolley, Mr. Preston, Mr. Balco, Mr. Rice, Mr. Edmonds, Dr. Rosen, Dr. Jandl, Dr. Cole, and Dr. Wagoner should not be taxed as costs.

Appellants raise one assignment of error:

### Assignment of Error I

"The trial court erred in denying appellants' motion to tax as costs the depositions taken in preparation for trial and/or used at trial."

In Ohio the rule is that the expense of a deposition which is not used as evidence at trial is to be borne by the party taking such deposition and not taxed as costs, unless there are overriding considerations. *Barrett* v. *Singer Co.* (1979), 60 Ohio St. 2d 7, 14 O.O. 3d 122, 396 N.E. 2d 218. To tax as costs the expense of depositions not used in trial might discourage the "reasonable exercise" of taking depositions because counsel might injudiciously multiply the number of depositions taken with little regard for expense, comfortable in the knowledge that the expense would be taxed as costs. *Id.* at 11, 14 O.O. 3d at 124, 396 N.E. 2d at 220.

A determination of whether or not an expense will be allowed as a taxable cost under Civ. R. 54(D) requires a two-step analysis by the trial court. The court must first determine whether an expense is a taxable litigation expense or a personal expense. Second, the court must decide whether a litigation expense should be taxed as a cost in the particular case. *Jones* v. *Pierson, supra,* at 449, 2 OBR at 544, 442 N.E. 2d at 794. The Supreme Court of Ohio has consistently limited the categories of expenses which qualify as "costs." *Centennial Ins. Co.* v. *Liberty Mut. Ins. Co.* (1982), 69 Ohio St. 2d 50, 23 O.O. 3d 88, 430 N.E. 2d 925.

We agree with *Jones* that as a general proposition the expense of a deposition used only for impeachment is not so vital to the litigation as to constitute a necessary litigating expense which will be taxed as costs. We also agree the trial court may determine in its discretion that a deposition is so vital that it is in the overriding interest of justice to characterize the deposition expense as a taxable litigating expense rather than a personal expense to be borne by the party incurring it. Each

case must be determined on its particular facts and circumstances.

In this case, as in most, the trial court is in the best position to determine whether each of the depositions was a necessary litigation expense. See *Henry* v. *Ken-Koat, Inc.* (Apr. 22, 1987), Summit App. No. 12888, unreported. Neither the stipulated statement of facts, nor the rest of the record supplied by the appellants, reveals which, if any, portions of the sixteen depositions were used as evidence at trial. Therefore, we cannot say that the trial court abused its discretion in overruling appellants' post-judgment motion for costs.

The assignment of error is overruled.

The judgment is affirmed.

*Judgment affirmed.*

MAHONEY, P.J., and BAIRD, J., concur.