CONSUN FOOD INDUSTRIES, INC., Appellant and Cross–Appellee,

v.

FOWKES et al., Appellees and Cross–Appellants.

[Cite as *Consun Food Industries, Inc. v. Fowkes* (1991), 81 Ohio App.3d 63.].

Court of Appeals of Ohio,
Lorain County.

Nos. 90CA004953, 90CA005026.

Decided July 21, 1991.

64

*Stephen P. Bond,* for appellant and cross-appellee.
*Donald P. McFadden,* for appellees and cross-appellants.

CACIOPPO, Judge.

The case *sub judice* arises out of a franchise agreement between Consun Food Industries, Inc. ("Consun") and Carol and Thomas Fowkes. The agreement provided the Fowkeses with a Convenient Food Mart franchise in Avon Lake, Ohio.

In 1989, the Fowkeses sought to terminate the agreement with Consun, and Consun brought an action to prevent the termination. Consun's complaint sought declaratory and injunctive relief, and stated additional counts sounding in breach of contract, wrongful appropriation of knowledge and unjust enrichment. The Fowkeses filed a counterclaim, alleging breach of contract, lack of consideration, slander of title, failure to state a claim against defendant Brad–Dee–Min, Inc., proper termination, and breach of fiduciary duties.

On October 24, 1990, the Fowkeses dismissed the count alleging breach of contract. On October 25, 1990, following a bench trial, the trial court dismissed Consun's counts alleging tortious interference with contract, wrongful appropriation of knowledge, and unjust enrichment, as well as the Fowkeses' counts alleging slander of title and breach of fiduciary duties.

On December 14, 1990, the trial court found that neither the Fowkeses nor Consun had breached the agreement and denied Consun's request for a permanent injunction. The court also held that the agreement would be terminated on January 31, 1991.

This case represents the consolidation of Lorain App. Nos. 90CA004953 and 90CA005026. In total, the parties assert twenty-three assignments of error, which will be addressed in an order facilitating their discussion.

### Consun's Assignments of Error

"1. The trial court erred when it denied plaintiff's Motion for Summary Judgment inasmuch as the plaintiff is entitled, as a matter of law, to continued enforcement of its Franchise Agreement so long as defendants owned or leased the business site in question.

"2. The trial court erred when, upon trial, it entered judgment against plaintiff, inasmuch as the evidence showed that defendants continued to own the business site and were, therefore, bound under the terms of the Franchise Agreement to continue to honor that Agreement.

"3. The trial court erred in ordering continued enforcement of the Franchise Agreement only for a period of sixteen months when the only evidence before the Court demonstrated that a reasonable notice of termination would be five years advance notice.

"4. The trial court erred in failing to award damages to plaintiff for the loss it suffered when defendants were released from their contractual obligations."

Fowkeses' Cross–Assignments of Error

"3. The trial court erred in holding that seventeen (17) months was a reasonable period of notice of termination, during which the Fowkes were not entitled to terminate the Franchise Agreement.

"4. The trial court erred in failing to hold that the ten (10) day notice given by Defendants was reasonable notice of termination.

"5. The trial court erred in failing to hold that the Fowkes could terminate the Franchise Agreement at any time."

■ As all of these assignments of error address the termination of the franchise agreement, they will be addressed together.

The trial court found that the franchise agreement contained no clause as to its duration or as to notice of termination by the Fowkeses. As a result, the trial court provided what it deemed to be reasonable terms in this regard. Consun contends primarily that the trial court erred by providing its own terms as the agreement provided adequate terms. The Fowkeses counter by asserting that the terms imposed by the court were not reasonable and that they should have been permitted to terminate the agreement at any time.

Consun cites *Fuchs v. United Motor Stage Co.* (1939), 135 Ohio St. 509, 14 O.O. 399, 21 N.E.2d 669, in support of its contention that the agreement contained sufficient terms as to duration. In *Fuchs,* the Supreme Court of Ohio held that "[a] written contract which calls for continuous performance, not for a definite term in point of time but for a term dependent upon an event which is certain to occur, is not void for uncertainty as to time." *Id.* at paragraph one of the syllabus. Consun contends that the following provision suffices under the principles of *Fuchs:*

"FOR AND IN CONSIDERATION of the full and faithful performance by the OWNER of each and every one of the covenants, terms and conditions herein contained by the OWNER to be performed:

"1. CFM hereby grants to the OWNER for as long as the OWNER shall have a good and valid lease or sub lease to, or shall own the premises described as: See description on Schedule A attached hereto and made a part hereof in the City of Avon Lake County of Lorain and State of Ohio and only so long as the OWNER shall fully and faithfully perform all the covenants, terms and conditions herein contained by the OWNER to be performed, the exclusive right and license."

Based upon this provision, Consun contends that the franchise agreement is to last as long as the Fowkeses lease or own the premises.

We do not agree with Consun's interpretation of this clause, and believe that the trial court could properly find that the agreement was silent as to termination and notice. The clause, rather than providing a durational term,

appears to represent an introductory statement of the rights granted the Fowkeses under the agreement, especially when construed against Consun, the drafting party.

■ Where parties to a contract express no period for its duration, and none can be implied from the nature of the contract or from the circumstances surrounding them, the only reasonable intention that can be imputed to the parties is that the contract may be terminated by either party upon the giving of reasonable notice of his intention to the other party. *Richter v. First Natl. Bank of Cincinnati* (1947), 82 Ohio App. 421, 425, 38 O.O. 69, 71, 80 N.E.2d 243, 245. In *Miller v. Wikel Mfg. Co.* (1989), 46 Ohio St.3d 76, 78, 545 N.E.2d 76, 78, the Supreme Court of Ohio, following similar principles, held that a distributorship arrangement with no express provision as to its duration is generally terminable at will by either party after reasonable duration and reasonable notice.

Pursuant to these principles, the trial court could properly impose reasonable terms as to the agreement's termination. The trial court, finding that the agreement had been in existence since 1968, concluded that this time period was a "more than reasonable period of existence," and that the fifteen months prior to trial and the time period up to and including January 31, 1991 would provide sufficient notice of the termination. Under the circumstances, and in light of the parties' inability to demonstrate that these periods were unreasonable, this court cannot conclude that the trial court erred in this determination. As the termination was proper under the principles correctly stated by the trial court, Consun was not entitled to damages upon termination of the agreement.

Accordingly, Consun's first, second, third, and fourth assignments of error and the Fowkeses' third, fourth, and fifth assignments of error are without merit and are hereby overruled.

### Fowkeses' Cross–Assignment of Error 2

"The trial court erred in holding that the preliminary injunction was proper, and in not vacating the preliminary injunction."

### Fowkeses' Assignments of Error

"2. The trial court erred in denying Defendants damages on the injunction bond.

"3. The trial court committed an abuse of discretion in denying the Motion For Damages On Injunction Bond."

■ As these assignments of error address the injunctive relief granted by the trial court, they will be addressed together. The trial court granted a

preliminary injunction which continued in force until January 31, 1991. The trial court denied Consun's request for a permanent injunction in its December 14, 1990 judgment entry.

 It is well recognized that injunctive relief is a drastic remedy and that decisions related thereto are addressed to the discretion of the court. *Cincinnati Bengals v. Bergey* (S.D.Ohio 1974), 453 F.Supp. 129, 145; *Perkins v. Quaker City* (1956), 165 Ohio St. 120, 59 O.O. 151, 133 N.E.2d 595, syllabus. Thus, in order for the Fowkeses to prevail on these assignments of error, they must demonstrate an abuse of discretion by the trial court. An abuse of discretion implies an unreasonable, arbitrary or unconscionable attitude on the part of the court. *Pembaur v. Leis* (1982), 1 Ohio St.3d 89, 91, 1 OBR 125, 126, 437 N.E.2d 1199, 1201.

 It is apparent from the court's preliminary injunction that the trial court was attempting to restrain the Fowkeses and Brad–Dee–Min from taking any action that could adversely affect the subject matter of the litigation prior to trial. As such, the court was merely attempting to maintain the status quo. The function of a preliminary injunction is just this—to maintain the status quo pending trial. *Surber v. United States* (S.D.Ohio 1968), 285 F.Supp. 775, 777. It is within the powers of a court of equity to retain the status quo until a matter can be heard upon its merits. *Laffer v. Cincinnati & Suburban Bell Tel. Co.* (C.P.Ohio 1957), 144 N.E.2d 158, 159.

The trial court, faced with the threat that the Fowkeses would take action that would adversely affect the subject matter of the litigation, properly implemented the correct device to restrain such action—a preliminary injunction.

 The Fowkeses also contend that the trial court erred in denying them damages on the injunction bond. As a prerequisite to recovery of damages upon an injunction bond, it must be decided that the injunction ought not to have been granted. *Benrus Watch Co. v. Weinstein Wholesale Jewelers, Inc.* (1960), 108 Ohio App. 525, 529, 10 O.O.2d 17, 19, 163 N.E.2d 406, 409. A denial of permanent injunctive relief by a trial court, such as occurred in the case at bar, does not mean that the issuance of the preliminary injunction was improper. *Daniel Constr. Co. v. Internatl. Bhd. of Elec. Workers, Local 88,* (Dec. 10, 1986), Ross App. Nos. 1237 and 1243, unreported, 1986 WL 14075.

The trial court in the case at bar properly refused to find that the preliminary injunction was improperly granted. As we have previously concluded that the issuance of the preliminary injunction was proper, we do not believe that the Fowkeses were entitled to damages on the injunction bond.

Accordingly, these assignments of error are overruled.

### Fowkeses' Cross–Assignment of Error 1

"The trial court erred in continuing the preliminary injunction after final judgment."

### Fowkeses' Assignment of Error 1

"The trial court erred in determining that the injunctive relief until January 31, 1991 was properly granted."

■ The primary issue involved in these assignments of error is whether the trial court abused its discretion by permitting the preliminary injunction to continue after final judgment.

The time period in which the preliminary injunction was permitted to continue directly corresponded with the termination date set by the trial court. While the continuance of a preliminary injunction after the date of judgment appears to be peculiar on its face, our previous holding that the termination and notice provisions set by the court were reasonable supports the conclusion that the continuance of the injunction up until January 31, 1991 was proper.

Accordingly, these assignments of error do not have merit and are hereby overruled.

### Fowkeses' Assignments of Error

"4. The trial court erred in determining that the cost of the deposition transcripts and the cost of the other exhibits, all of which were admitted into evidence at trial, were personal expenses.

"5. The trial court erred in determining that the deposition transcripts and the other exhibits were not necessary and vital to the litigation.

"6. The trial court committed an abuse of discretion in denying the Motion to Tax Costs."

As these assignments of error all address the trial court's denial of the Fowkeses' motion to tax certain expenses as costs, they will be addressed together. The expenses in question were related to a deposition and certified copies of deeds, leases, and judgments concerning the loss of the registered name "Convenient Food Mart."

■ The general rule in Ohio is that necessary litigation expenses are ordinarily taxable as costs. *Jones v. Pierson* (1981), 2 Ohio App.3d 447, 449, 2 OBR 542, 544, 442 N.E.2d 791, 794. A determination of whether an expense will be allowed as a taxable cost requires a two-step analysis by the trial court. *Rice v. Dudick Corrosion–Proof, Inc.* (1989), 57 Ohio App.3d 156, 567 N.E.2d 315. The court must first determine whether an expense is a taxable litigation expense or a personal expense. *Id.* Second, the court must decide

whether a litigation expense should be taxed as a cost in the particular case. *Id.*

We have reviewed the record, and the items in question, and do not believe that the trial court erred in denying the Fowkeses' motion. In this case, as in most, the trial court is in the best position to determine whether a deposition was a necessary litigating expense. *Id.* This is also true of the other items the Fowkeses wish to tax as costs. Given the trial court's superior position in undertaking such an analysis, we cannot conclude that its determination was error.

Accordingly, these assignments of error are overruled.

### Fowkeses' Cross–Assignments of Error

"6. The trial court erred in holding that where a corporation is created solely for business purposes (*i.e.,* to avoid personal liability, for tax reasons, etc.) the corporation is not considered a separate entity but rather is connected to, and is an alter ego of, its shareholders.

"7. The trial court erred in holding that the transfer of the real property to Brad–Dee–Min, Inc. is not sufficient in and of itself to terminate the Franchise Agreement.

"8. The trial court erred in holding that the parties have not distinguished between Brad–Dee–Min, Inc. and the Fowkeses.

"9. The trial court erred in holding that Brad–Dee–Min, Inc. even though not a party to any agreement with Consun could be enjoined in this action."

As aforementioned, the Fowkeses sought to terminate the franchise agreement by transferring the property to Brad–Dee–Min, a corporation over which they had control. The trial court prevented this transfer through the issuance of the preliminary injunction. In its judgment, the trial court held that a transfer to Brad–Dee–Min would not terminate the agreement, that the Fowkeses were free to transfer the property to Brad–Dee–Min, and that the Fowkeses had failed to adequately distinguish between themselves and Brad–Dee–Min.

■ The concept of a corporation being a separate entity from its shareholders is a legal fiction which will be disregarded under certain circumstances, such as where the corporation has no separate identity from its shareholders or has no mind of its own, or where the recognition of the corporation would be inequitable, unjust, or result in injury, unjust loss, or derogation of rights of the other party. *Saeks v. Saeks* (1985), 24 Ohio App.3d 67, 70, 24 OBR 122, 124, 493 N.E.2d 280, 282.

■ Under these principles, the trial court could properly choose to disregard the distinction between the Fowkeses and Brad–Dee–Min, a corporation which was solely created by the Fowkeses for business purposes related to the subject store. Given the state of the record, the Fowkeses' inability to distinguish between themselves and Brad–Dee–Min, and the threat of a purchase by Brad–Dee–Min altering the status quo of the proceedings, the trial court could properly refuse to recognize the distinction urged by the Fowkeses.

In regard to the Fowkeses' contention that the trial court's enjoining Brad–Dee–Min was improper, the trial court was correct in concluding that this argument is immaterial. Regardless of whether Brad–Dee–Min was enjoined, the trial court's injunctive restraint on the Fowkeses prevented Brad–Dee–Min from obtaining any interest in the subject property.

Based upon these principles, these assignments of error are overruled.

### Fowkeses' Cross–Assignment of Error 11

"The trial court erred in denying Mr. and Mrs. Fowkes relief including reasonable attorney's fees for slander of title."

■ One is liable for slander of title where he falsely and maliciously defames the property of another, causing him special damage. *Childers v. Commerce Mtge. Invests.* (1989), 63 Ohio App.3d 389, 579 N.E.2d 219. The malice need not be that of a personal hatred, and an act will be deemed malicious if made in reckless or wanton disregard of the rights of another. *Id.*

■ The general rule in Ohio, in the absence of an applicable statute, is that a party is not entitled to attorney fees unless the other party proceeded in bad faith. *State ex rel. Kabatek v. Stackhouse* (1983), 6 Ohio St.3d 55, 55–56, 6 OBR 73, 73–74, 451 N.E.2d 248, 248–249.

In the case at bar, the trial court dismissed the Fowkeses' claim for slander of title. This dismissal and the trial court's refusal to award attorney fees with respect to this claim were proper as there is no indication on the record that Consun falsely and maliciously defamed the Fowkeses' property or proceeded in bad faith.

Accordingly, this assignment of error is dismissed.

### Fowkeses' Cross–Assignment of Error 10

"The trial court erred in not declaring that the loss of the federal registration of the name 'Convenient Food Mart' was a material breach of the Franchise Agreement."

 A review of the record discloses that a federal court found that "Convenient Food Mart" was not a registered trademark on August 1, 1988. In its original letter to Consun expressing its intent to terminate the agreement, dated September 6, 1989, the Fowkeses failed to mention the loss of the registered name. The loss of the registered name was not mentioned until the Fowkeses' answer and counterclaim.

A further review of the agreement reveals that there is no provision in the franchise agreement calling for Consun's protection of the registered name. We will not imply such a clause where the agreement fails to indicate the parties' intent to do so.

Accordingly, we do not believe that this was a material breach of the franchise agreement.

The assignment of error is overruled.

### Consun's Assignments of Error

"5. The decision of the trial court is contrary to law.

"6. The decision of the trial court is against the manifest weight of the evidence."

 In a civil case, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus.

We have reviewed the record and believe that there was sufficient evidence in support of the trial court's decision. While there was conflicting evidence presented by the parties, the evidence and the credibility of the witnesses are primarily for the trier of facts. *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212, paragraph one of the syllabus.

Consun's remaining assignment of error contends that the judgment was contrary to law. This assignment of error is a mere recapitulation of arguments previously addressed and found to be without merit.

Accordingly, the assignments of error are overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and COOK, J., concur.