Builder Services, Inc. (BSI) is appealing from the grant of summary judgment in favor of Habitat Condominium Owners' Association (Habitat) in its favor against all claims by BSI in its complaint, and in favor of Habitat on its counterclaim for breach of contract and slander of title. Final judgment was entered by the court on May 12, 1998, in favor of Habitat in the sum of $47,891.76, plus interest at the statutory rate of 10% per annum, after a torturous case history.
Essentially what happened is that BSI failed to respond to a request by Habitat for admissions of fact, which were thus deemed conclusively admitted pursuant to Civ.R. 36. Habitat subsequently obtained summary judgment, both against BSI on its claim and in Habitat's favor on two of the claims it raised in its counterclaim, based upon both the unanswered admissions and affidavits which were filed with the motion for summary judgment, which motion BSI did not respond to. Details of the issues and the conduct of the parties, which led to the court's summary judgment decision, are set forth in the following excerpts of the opinions by the court:
DECISION OF APRIL 11, 1997
 This cause came on to be heard this date upon Defendant's Motion for Partial Summary Judgment and Release of Bond filed September 10, 1996 and Plaintiff's Motion for Leave to File Answers Instanter to Defendant's Request for Admissions filed September 13, 1996, and Defendant's Motion for sanctions filed January 21, 1997. The Court held a conference in chambers on April 3, 1997 with counsel present.
I. FACTS
 The Court, upon review of the file in this matter, finds that on July 31, 1996, Defendant filed a discovery request which included Requests for Admissions, the First Document Request and First Set of Interrogatories. The deadline for response to the Request for Admissions was August 28, 1996. Plaintiff failed to timely respond to those Requests for Admissions. On September 10, 1996, Defendant filed a Motion for Partial Summary Judgment and Release of the Bond which Defendant had filed to remove the Mechanic's Lien from its property. The Motion for Partial Summary Judgment was predicated upon the admissions which the Plaintiff was deemed to have admitted by failure to timely reply to the Request for Admissions. On September 13, 1996, Plaintiff filed a Motion for Leave to File Answers Instanter to Defendant's Request for Admissions. For reasons unknown to the undersigned, my successor [sic] [predecessor] the Honorable Robert M. Brown, failed to rule upon the Motion for Partial Summary Judgment and the Motion for Leave to File Answers Instanter to Defendant's Request for Admissions.
 On November 20, 1996, Defendant filed a Motion to Compel which requested the Court to order Plaintiff to submit written responses and to produce documents responsive to its First Document Request and its First Set of Interrogatories.
 This Court on December 10, 1996, sustained Defendant's Motion to Compel dated November 20, 1996, and ordered the Plaintiff to answer the interrogatories and complete the response to the document request on or before December 24, 1996. The Court further held in abeyance Defendant's request for attorney fees pending compliance with the Court's order. This Court has yet to decide Defendant's Motion for Partial Summary Judgment filed September 10, 1996, or the Plaintiff's Motion for Leave to File Answers Instanter to Defendant's Request for Admissions. On January 21, 1997, Defendant filed a Motion for Sanctions requesting the Court to set a date certain for Plaintiff to answer Defendant's discovery requests and providing for a dismissal of Plaintiff's action if it fails to comply. Defendant further requested that the Court hear the matter of attorney fees on the Motion to Compel, as well as the matter of attorney fees involved for Defendant's Motion for Sanctions. Plaintiff has failed to respond to Defendant's Motion for Sanctions. The Court determined at the in chambers conference on April 3, 1997 that Plaintiff has provided Defendant with no additional discovery since the January 2, 1997 exchange described in Defendant's Motion for Sanctions.
II. LAW AND DECISION
 Civil Rule 37 provides for remedies when a party opponent fails to respond to discovery. For initial failure, the Court may compel the respondent to provide discovery by a date certain. Civil Rule 37(A). Failure to provide this discovery pursuant to 37(A) exposes a party to sanctions as set forth in Civil Rule 37(B), which can include dismissing the action or proceeding or any part thereof.
 The Court is aware that the Motion for Partial Summary Judgment has not been ruled upon and is ripe for decision. The Court has examined thoroughly the Plaintiff's Motion for Leave to File Answers Instanter to Defendant's Request for Admissions, along with Plaintiff's attorneys' affidavit and the case law submitted by Plaintiff's counsel. Had this matter been decided in the month of September or October, the Court could possibly have dismissed the Plaintiff's failure to file the Reply to the Request for Admissions as excusable neglect. However, the Court has the benefit now of looking back in retrospect over a greater period of time and has seen that based upon Judge Brown's Decision and Entry of December 10, 1996, Plaintiff's counsel had still not taken seriously the discovery mandates set out by the Civil Rules and more specifically set forth by the Court's order of December 10, 1996. Considering all of the facts which are contained in the window from August 31, 1996 through April 3, 1997, the Court is inclined to find that the failure to respond to the Request for Admissions may have been neglect but was not "excusable neglect" which would entitle Plaintiff to the relief sought in its motion. The pattern of conduct that Plaintiff's counsel has exhibited towards discovery matters in this action leads the Court to the conclusion that Plaintiff's failure to timely respond to Defendant's Request for Admissions was nothing more than inexcusable neglect. Therefore, the Court does hereby OVERRULE Plaintiff's Motion of September 13, 1996, Requesting Leave to File Answers Instanter to Defendant's Request for Admissions.
* * *
 In this case, the Plaintiff has failed to provide this Court with specific facts showing that there is a genuine issue for trial on their claims for breach of contract and foreclosure of a Mechanic's Lien Bond. Defendant correctly asserts that by virtue of Plaintiff's failure to timely respond to Defendant's Request for Admissions, the unanswered Requests for Admissions are deemed admitted by the Plaintiff. Based upon these admissions, the Court is of the opinion that there is no genuine issue of material fact, and Defendant is entitled to summary judgment as a matter of law on Plaintiff's claims for breach of contract and foreclosure of a Mechanic's Lien Bond. Therefore, in accordance with Civ.R. 56(E), this Court appropriately enters partial summary judgment for Defendant on Plaintiff's First and Second causes of action.
 DECISION AND ORDER OF SEPTEMBER 17, 1997
 This cause came on to be heard this date upon the motion of Plaintiff filed April 25, 1997, requesting the Court to reconsider its previous decision of April 11, 1997. The April 11, 1997, decision overruled Plaintiff's motion for leave to file answers instanter to Defendant's request for admissions, sustained Defendant's partial motion for summary judgment, and set forth various directives regarding discovery sanctions as more fully set forth in that decision.
 Upon consideration of Plaintiff's motion and Defendant's reply thereto, the Court, be it Judge Brown or the undersigned, would likely have granted Plaintiff's motion for leave to file answers instanter to Defendant's request for admissions had the same been decided in September or October of 1996. At that time Plaintiff's failure to answer the request for admissions and failure to cooperate with providing other discovery materials was relatively fresh. The Court's decision of April 11, 1997, denying Plaintiff's leave to file answers instanter was decided after considering all of the obstructions to discovery by Plaintiff that occurred in the window from August 31, 1996, through April 3, 1997. While this Court gives great deference to its predecessor, Judge Robert M. Brown, Judge Brown would not have had before him Plaintiff's discovery abuses when he reflected upon what his decision might have been in September or October of 1996.
 Plaintiff's motion gives leave for the Court to once again look at the Plaintiff's "track record" on discovery since April 3, 1997. The Court notes that Defendant has filed on May 2, 1997, another motion for additional sanctions, which the Court has addressed by separate decision this date. Plaintiff has failed to respond to that motion. In the Court's decision it is noted that Plaintiff has failed to produce documents previously ordered by the Court to be produced as of April 11, 1997.
 The Court agrees that its previous order is seriously and grossly prejudicial to Plaintiff's case, but this Court, in the exercise of its discretion and in view of the options available under Civil Rule 37(B), feels that the actions taken in its April 11, 1997, decision were appropriate in view of Plaintiff's ongoing refusal to comply with discovery demands and the Court's orders.
 The continued failure of Plaintiff to comply with discovery since April 3, 1997, further reinforces the Court's opinion that its decision of April 11, 1997, was fair and reasonable in view of all of the facts and circumstances as of that date. Accordingly, Plaintiff's motion to reconsider the Court's decision of April 11, 1997, is hereby OVERRULED.
 DECISION AND ORDER OF JANUARY 7, 1998
 This cause came on further to be heard on Defendant's motion for partial summary judgment filed herein on June 27, 1997. On July 11, 1997, Plaintiff filed a motion for extension of time to file a memorandum in opposition to Defendant's motion for partial summary judgment which this Court granted on September 9, 1997. However, Plaintiff never filed a response to Defendant's motion for partial summary judgment.
 I. FACTS
 On June 20, 1996, Plaintiff Builder Services, Inc. ("Builder") filed a complaint against Defendant Habitat condominium Owners' Association ("Habitat") to foreclose on a mechanic's lien, to recover for a breach on a construction contract, or, in the alternative, to recover on a claim for quantum meruit. Habitat filed a counterclaim on July 3, 1996, to (1) recover damages for breach of the construction contract, (2) fraud in connection with the submission of false invoices, (3) slander of title and (4) punitive damages. On September 17, 1997, this Court granted summary judgment in favor of Habitat and against Builder on the mechanic's lien and breach of contract claims.
 II. LAW AND ANALYSIS
 Defendant brought this second motion for partial summary judgment pursuant to Civ.R. 56. According to Civ.R. 56, the Court should grant summary judgment only when the following tripartite test has been satisfied: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66.
 In the case sub judice, Defendant Habitat claims that summary judgment should be granted in its favor and against Plaintiff Builder on its first and third counterclaims, breach of the construction contract and slander of title.
 To establish that a breach of contract has occurred, the party asserting the breach must put on evidence that a contract did indeed exist, there was performance on the part of the party asserting the breach, the contract was breached by the other party and the non-breaching party suffered damages. Doner v. Snapp (1994), 98 Ohio App.3d 597, 600.
 In this case it is clear that there was a contract between Builder and Habitat which was entered into on September 10, 1995. Under this contract Builder was to install vinyl siding supports, was to complete this work at the rate of one building per month, provided that Builder's work would be of "good quality, free from defects and improper workmanship." Builder was also required to provide and pay for labor, materials, necessary equipment, tools, machinery, water, utilities, transportation and services necessary to complete the job properly. The contract also required a sworn statement by Builder to Habitat stating that Builder had paid all of its suppliers and payment for Builder's work on a building was not due unless and until Builder had furnished Habitat with a complete release of all liens arising out of the work on such building.
 From October until March 1995, Builder worked on three buildings, but failed to properly conform to the specifications of the manufacturer or with the trade standards when installing the siding. In addition, Builder did not complete the work on the buildings within one month as the contract provided and it did not pay all of its subcontractors and materialmen in full as was also required in the contract. Builder submitted invoices, one in December and one in January, representing that all of the subcontractor, materialmen and laborers were paid. Relying on these invoices, Habitat paid Builder in both December and January. Builder breached its contract with Habitat through its noncompliance with the requirements and standards set out in the contract and because of noncompliance Habitat suffered damages in the amount of $47,145.11, as set forth in the affidavit of Glenda McManus, which facts are uncontroverted as Plaintiff did not file a reply to the motion for partial summary judgment. This amount includes Builder's failure to properly perform work, failure to pay laborers, materialmen, subcontractors, retention of Habitat's down payment, repair expenses and liens.
 Next the Court will address slander of title. Habitat claims that Builder is liable for slander of title because of the Mechanic's lien. Habitat is also requesting attorney fees. "One is liable for slander of title where he falsely and maliciously defames the property of another, causing him special damage." Consun Food Industries, Inc. v. Fowkes (1991), 81 Ohio App.3d 63, 72. Malice need only be equal to the disregarding of another's rights. Id. In Ohio, unless bad faith can be shown on behalf of a party, the opposing party is not permitted to recover attorney fees. Id.
 On March 22, 1996, Builder filed an affidavit for Mechanic's lien claiming Habitat owed Builder $28, 807 for the work done on Habitat's buildings. However, Habitat did not owe builder any of that money at the time Builder filed the Mechanic's lien because Builder had yet to supply Habitat with the sworn statement that all the workers and materials had been paid for, as was required under the contract. Thus, when Builder filed for the lien, it was not yet entitled to payment by Habitat. Therefore, Builder disregarded Habitat's rights under the contract when it filed for the Mechanic's lien, subsequently causing slander of title and damages in the amount of $745.65 (see affidavit of Glenda McManus). There is however, a genuine issue of material fact as to whether Builder acted in bad faith when filing for the lien, so the issue of attorney fees cannot be appropriately decided on summary judgment.
 III. CONCLUSION
 Based on the foregoing, Defendant's motion for partial summary judgment on counts one and three of its counterclaims filed herein on June 27, 1997 is well taken and is hereby SUSTAINED. Defendant is granted judgment against Plaintiff in the amount of $47,891.76, plus court costs representing judgment on Defendant's first and third counterclaims. This matter is hereby continued for trial on June 8, 1998 on the Defendant's second and fourth counterclaims and on the issue on attorney fees in the third counterclaim.
On March 30, 1998, Habitat moved to amend its counterclaim to remove its second (fraud) and fourth (punitive damages) claims and its request for attorney fees. This motion was sustained by the trial court on May 12, 1998, thereby rendering the previous decisions of the court against BSI appealable.
BSI timely appealed, bringing us the following two assignments of error:
ASSIGNMENT OF ERROR #1
 THE TRIAL COURT ERRED IN DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE ANSWERS TO DEFENDANT'S REQUESTS FOR ADMISSIONS.
 ASSIGNMENT OF ERROR #2
 THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S PARTIAL MOTIONS FOR SUMMARY JUDGMENT, ENTERED ON 4/11/97 AND ON 1/7/98.
We will consider these assignments together. It is evident from the decisions by the trial court quoted above, that the court as well as Habitat was extremely frustrated with BSI's prolonged failure to supply answers and documents to all of the requests by Habitat. We have previously held that where a party "has never filed any affidavits or evidentiary material permitted by Civ.R. 56 controverting the matters deemed admitted by his failure to have responded to the request for admissions . . . together with the lack of any real excuse for failing to have filed a timely response to the request for admissions, we cannot say the trial court abused its discretion. We have decided not to permit [the parties] the later response to the request for admissions." Gwinn v.Volkswagen (Feb. 8, 1988), Greene App. No. 87-CA-56, unreported. See, also Ensley v. Patrick (Jan. 8, 1999), Montgomery App. No. 17046, unreported.
We have also recognized that: "When a request for admissions is served upon a party, that party must timely respond either by objection or answer. Failure to do so will result in the deemed admission of the matters requested to be admitted. Civ.R. 36(A). Any matter admitted is conclusively established unless the trial court permits withdrawal or amendment of the admission pursuant to Civ.R. 36(B). Cleveland Trust Co. v.Willis (1985), 20 Ohio St.3d 66, 67, cert. denied, (1986)478 U.S. 1005. A request for admission can be used to establish a fact that goes to the heart of the case. This furthers the primary purpose of resolving potentially disputed issues, thereby expediting trial. Id, citing St. Paul Fire MarineIns. Co. v. Battle (1975), 44 Ohio App.2d 261, 269." Scirankav. Hobart Int'l Inc. (Sept. 4, 1992), Miami App. No. 91-CA-61.
BSI argues that this court and the trial court should focus on the situation as it existed in September, 1996, shortly after the expiration of the time allotted for filing responses to the requested admissions, and not take into consideration the prolong refusal of BSI to respond to the request for admissions, as well as its failure to respond to the motion for summary judgment. However, a trial court is free to consider a pattern of neglect and obstructionism by a party in considering whether to grant leave to file untimely responses to a request for admissions. Cleveland Trust Co. v. Firestone Bank (Sept. 27, 1984), Summit App. Nos. 11595 and 11599.
In approving a summary judgment on a strikingly similar set of facts, the Court of Appeals of Cuyahoga County described the appellants' "conscious effort to ignore the request [for admissions] as they did in many of the processes in the court below" as "intolerable." Klesch v. Reid (1994), 95 Ohio App.3d 664,675.
Given the facts and procedural history of this case as set forth in the heretofore quoted decisions of the trial court, we can find no abuse of discretion whatsoever on the part of the trial court denying BSI's motion for leave to file late answers to Habitat's request for admissions.
The first assignment of error is overruled.
As to the second assignment of error, we find on a de novo
review that the trial court properly entered summary judgment in favor of Habitat on BSI's complaint and also in favor of Habitat on the two issues it finally restricted its counterclaim to, and the entry of monetary judgment, especially since BSI never submitted anything, not evidence or even a legal response to Habitat's motion for summary judgment.
The second assignment of error is overruled, and the judgment is affirmed.
BROGAN, J. and WOLFF, J., concur.
Copies mailed to:
Carl A. Myers Scott A. King Hon. David G. Sunderland