DECISION AND JOURNAL ENTRY
Appellant-defendant, Fiest Hardwoods, Inc., appeals from the Medina County Court of Common Pleas' judgment entry that released a bond. We affirm.
On November 16, 1996, Fiest Hardwoods, Inc. ("Fiest"), entered into a contract with Guran Bros. for the purchase of timber from a piece of property owned by Guran Bros. On December 20, 1996, Guran Bros. entered into a contract with The Richfield Group, Inc. ("Richfield"), for the development of the real estate into a subdivision.
On April 4, 1997, Richfield filed a complaint for a temporary restraining order, a preliminary and permanent injunction, and a declaratory judgment against Guran Bros. in the trial court. On April 4, 1997, the trial court issued a temporary restraining order to expire after fourteen days and scheduled a hearing for April 18, 1997. On April 7, 1997, Richfield amended its complaint to include Fiest. On April 7, 1997, the trial court conducted a hearing where evidence was presented regarding the legal rights pertaining to the two contracts and how the removal of timber pursuant to one contract might hinder the development purpose of the other contract. After the hearing, the trial court issued a temporary restraining order against both Guran Bros. and Fiest to expire after fourteen days and scheduled a hearing for April 18, 1997. By trial entry dated April 18, 1997, the trial court dissolved the April 4th and April 7th temporary restraining orders. On July 18, 1997, the trial court conducted a hearing to determine the amount of damages caused by the temporary restraining orders. On July 25, 1997, the trial court released the bond without granting damages to Fiest Hardwood, Inc. and concluded that the temporary restraining orders were not wrongfully issued.
Fiest timely appealed and has raised a single assignment of error.
ASSIGNMENT OF ERROR
 The trial court erred and abused its discretion in releasing [Richfield's] bond for restraining order and in failing to award [Fiest] $8,720 in damages conceded by [Richfield,] and which the trial court conclusively accepted and found to have been incurred by [Fiest,] as a result of the issuance of a wrongful temporary restraining order demanded ex parte by [Richfield].
Fiest contends that the trial court erred by failing to award damages because the dissolution of the temporary restraining order and the release of bond demonstrated that the temporary restraining order was wrongfully issued. We disagree.
The Supreme Court of Ohio has held:
 In an action for damages against the principal and sureties on an injunction bond * * *, the dismissal of the petition in the injunction proceeding and the dissolution of the injunction are conclusive evidence that the injunction ought not to have been granted.
Berkey Farmers' Mutl. Tel. Co. v. The Sylvania Home Tel. Co.
(1917), 97 Ohio St. 67, paragraph one of the syllabus. In Berkey,
the Supreme Court noted that a trial court's dissolution of a preliminary injunction and assessment of damages in accordance with a bond could not be reversed by an appellate court's determination that there was no legal foundation to support a damages award, particularly where the appellate court considered another statutory provision and evidence outside the record. Id. at 70-72. This court has affirmed a trial court's award of damages where the trial court found that a party was entitled to continue conduct that had been prevented by a preliminary injunction and that the preliminary injunction preventing such operation should not have been granted. Beres v. Hope Homes, Inc.
(Apr. 27, 1983), Summit App. No. 10878, unreported, at 3. However, the facts of that decision noted that the trial court had concluded that the preliminary injunction had been wrongfully issued. Id. at 2. In this case, the trial court did not conclude that the injunction ought not to have been issued or was wrongfully issued.
Civ.R. 65(C) provides the following:
 No temporary restraining order or preliminary injunction is operative until the party obtaining it gives a bond executed by sufficient surety, approved by the clerk of the court granting the order or injunction, in an amount fixed by the court or judge allowing it, to secure to the party enjoined the damages he may sustain, if it is finally decided that the order or injunction should not have been granted.
In assessing whether the dissolution of a preliminary injunction automatically entitles a party to damages, the Eleventh District Court of Appeals has noted that "[t]he Staff Notes to Civ.R. 65 state that the rule is an adaptation of Fed.R. 65 and represents a change in Ohio law, in that an independent action against the surety is unnecessary since a surety may now be subject to liability in the same action." Professional Investigations Consulting Agency, Inc. v. Kingsland (1990), 69 Ohio App.3d 753,761. The court also concluded that in order for a party to be entitled to damages, the trial court should answer two questions: (1) whether the temporary injunctive relief should be dissolved or made permanent, and (2) whether the temporary restraining order was wrongfully issued. Id. Similarly, this court has observed that, "[a]s a prerequisite to recovery of damages upon an injunction bond, it must be decided that the injunction ought not to have been granted." Consun Food Ind., Inc. v. Fowkes (1991),81 Ohio App.3d 63, 69.
Although the trial court in this case dissolved the temporary restraining orders, it did not conclude that the orders were wrongfully issued. Fiest's contention that it is automatically entitled to damages because the orders were dissolved lacks merit. Accordingly, Fiest's assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Medina County Court of Common Pleas to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 LYNN C. SLABY FOR THE COURT CARR, J.
 CONCURS