DECISION
This is an appeal by plaintiff, Thomas R. Sabatino, from judgments of the Franklin County Court of Common Pleas, denying plaintiff's motion for injunctive relief and granting summary judgment in favor of defendant, James S. Sanfillipo, III.
On December 29, 1997, plaintiffs, Thomas R. Sabatino and James Sanfillipo Produce, Inc., filed a complaint naming as defendants James S. Sanfillipo, Jr., Marjorie Sanfillipo, James S. Sanfillipo, III, J R Sanfillipo Brothers Produce, John Doe No. 1 and John Doe No. 2. In the complaint, plaintiffs alleged that Sabatino and defendant James Sanfillipo, Jr. had entered into an agreement to participate as equal investors in a corporation to be known as James Sanfillipo Produce, Inc. (hereafter "JSP"). Count one of the complaint alleged that defendant James S. Sanfillipo, Jr., the president and chief operating officer of JSP, had breached the terms and conditions of a purchase agreement entered between the parties. Counts two and three of the complaint alleged causes of action against defendant James Sanfillipo, Jr. for breach of fiduciary duty and violations of R.C. 1701.93 and 1701.95. Under count four, plaintiffs sought an accounting of all income, products, losses, expenses and disbursements made by or on behalf of defendant James Sanfillipo, Jr. Count five of the complaint alleged a cause of action for conversion against the named defendants, while count six alleged breach of contract against defendants James Sanfillipo Jr. and Marjorie Sanfillipo.
On January 28, 1998, defendants filed a motion for a protective order. On April 27, 1998, plaintiffs filed a motion for restraining orders against the defendants, as well as motions for a preliminary injunction. The trial court subsequently granted plaintiffs' motion for a temporary restraining order.
On February 13, 1998, defendants filed a memorandum in opposition to plaintiffs' motion for preliminary injunction. By decision and entry filed March 18, 1998, the trial court denied plaintiffs' motion for preliminary and permanent injunctive relief and granted defendants' motion for a protective order. Plaintiff Sabatino filed a notice of appeal from the trial court's March 18, 1998 entry.
On April 15, 1998, defendant James S. Sanfillipo, III filed a motion for summary judgment. On April 22, 1998, plaintiffs filed a memorandum contra the motion for summary judgment.
On August 18, 1998, the trial court filed a decision and entry granting summary judgment in favor of defendant James S. Sanfillipo, III (hereafter "defendant"). On February 5, 1999, plaintiffs filed, pursuant to Civ.R. 41(A)(1)(a), a notice of dismissal as to the remaining defendants. Plaintiff Sabatino (hereafter "plaintiff") also filed, on that date, a notice of appeal from the trial court's decision rendered on August 18, 1998.
On appeal, plaintiff sets forth the following two assignments of error for review:
ASSIGNMENT OF ERROR NO. 1
 The Trial Court's decision rendered on March 18, 1998, that exercise of jurisdiction by the federal court precludes authority being exercised by any state court over the same subject matter and denial of plaintiffs' rights to present their motion for injunctive relief were in error.
ASSIGNMENT OF ERROR NO. 2
 The trial court erred to the substantial prejudice of Plaintiffs'/Appellants by improperly granting summary judgment to Defendant James S. Sanfillipo, III when genuine issues of material [sic] existed and when Defendant/Appellee was not entitled to judgment as a matter of law.
Under the first assignment of error, plaintiff contends that the trial court, in its March 18, 1998 decision, erred in holding that it lacked jurisdiction to grant injunctive relief because of a prior federal action involving the JSP corporation. Plaintiff argues that, although JSP, along with defendants James Sanfillipo and Marjorie Sanfillipo, had been named as defendants in an earlier federal action in which assets of JSP were marshaled to pay existing produce supplier creditors, the federal action involved issues and parties distinct from the present case.
At the outset, we note that, although the record indicates that the trial court conducted a hearing on plaintiffs' motion for injunctive relief on January 28, 1998, there is no transcript of that hearing before this court. It appears, based on pre-hearing briefing, that the trial court had communicated to the parties concerns about whether the court had jurisdiction over claims involving the assets of JSP, based on assertions that the assets were under the control of a receiver appointed in federal court. In its March 18, 1998 decision denying plaintiff's motion for injunctive relief, the court stated that, "[a]s to the assets of * * * [James Sanfillipo Produce, Inc.], this Court is without jurisdiction to make any orders."
Defendant argues that the trial court did not deny plaintiffs' motion for injunctive relief based on a finding of lack of jurisdiction. Rather, defendant contends that the trial court, while expressing concern that it did not have jurisdiction over assets of a corporation within the exclusive control of a receiver, further determined that the motion should be denied on two other grounds. Specifically, defendant points to paragraphs three and four of the trial court's decision and entry filed March 18, 1998, which state as follows:
 Injunctive relief should only be exercised by a court to prevent irreparable harm to a plaintiff. In this case, Plaintiff Thomas R. Sabatino alleges no harm that could not be repaired or remedied by a money judgment.
 A court should only exercise equitable jurisdiction to prevent imminent harm, not to redress past harm. In this case, the Plaintiff waited one day less than two years before filing the complaint. Plaintiff James Sanfillipo Produce, Inc. ceased all operations on or about December 31, 1995. The assets of that corporation were collected and distributed by the Receiver appointed in the federal court. There is no evidence of an urgent or emergency need for relief.
Upon review, we note that the trial court's decision denying plaintiffs' motion for injunctive relief discusses both jurisdictional concerns as well as the above grounds cited by defendant. To the extent that the trial court discussed jurisdictional concerns, the court appears to have been merely stating the evident fact that it was without authority to disturb the possession of assets purportedly under the control of a federal court. However, although the trial court in essence indicated that it lacked in rem jurisdiction over corporation assets already in receivership, we do not construe the court's decision as implying that it lacked in personum jurisdiction to consider plaintiff's claims, i.e., breach of contract, breach of fiduciary duty, etc. Rather, the court's decision in paragraphs three and four cites non-jurisdictional grounds for denying injunctive relief.
Moreover, we find that the trial court did not err in denying plaintiff's motion for injunctive relief. In order for a trial court to grant a plaintiff's motion for injunctive relief, the plaintiff "must show that the relief is necessary to protect a clear right from immediate and irreparable harm when any other remedy at law is inadequate." AgriGeneral Co. v. Lightner (1998),127 Ohio App.3d 109, 115. Further, "[i]rreparable harm consists of the substantial threat of material injury that cannot be compensated with monetary damages." Id. It is also "well recognized that injunctive relief is a drastic remedy and that decisions related thereto are addressed to the discretion of the court." Consun Food Industries, Inc. v. Fowkes (1991), 81 Ohio App.3d 63,69.
In the present case, as noted above, the trial court denied plaintiff's claim for injunctive relief on the grounds that plaintiff had failed to demonstrate that such relief was necessary to prevent irreparable harm and that plaintiff had failed to show the need for immediate relief. We agree. Here, plaintiff essentially sought preliminary injunctive relief to avoid a potential monetary loss. However, as noted by the trial court, there was no showing that plaintiff could not be fully compensated by a favorable judgment on the merits. The trial court also found that plaintiff's delay in seeking redress militated against his claim that he would suffer irreparable harm. Upon review, we find no abuse of discretion by the trial court in denying plaintiff's motion for injunctive relief.
Based upon the foregoing, plaintiff's first assignment of error is without merit and is overruled.
Under the second assignment of error, plaintiff argues that the trial court erred in granting summary judgment in favor of defendant because, it is asserted, genuine issues of material fact exist.
In general, a motion for summary judgment will be granted only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). Further, summary judgment shall not be rendered unless it appears from the evidence that "reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made." Id. In reviewing a motion for summary judgment, the non-moving party is "entitled to have the evidence * * * construed most strongly in the party's favor." Id.
In the present case, the trial court, in granting summary judgment in favor of defendant, held in pertinent part:
 The Court has considered all of the pleadings filed herein and the Memorandum and Affidavits filed in support of Plaintiff's Motion. The Court finds that there is no contractual relationship between Defendant James S. Sanfillipo III and any Plaintiff. The Court also finds that Defendant James S. Sanfillipo III owes no statutory or fiduciary obligation to any Plaintiff. This Defendant was at most a business competitor of Plaintiffs. There are no genuine issues shown as to these material facts. The Motion of Defendant James S. Sanfillipo III for Summary Judgment is sustained.
In his appellate brief, plaintiff does not specifically challenge the trial court's finding of no contractual relationship between defendant and plaintiff, or the court's findings that defendant did not owe any statutory or fiduciary obligations to plaintiff. Plaintiff asserts, however, that genuine issues of fact remain regarding whether defendant and his father, James Sanfillipo, Jr., engaged in a conspiracy to take away customers from plaintiff's corporation.
In support of defendant's motion for summary judgment, defendant submitted his own affidavit and the affidavit of his father, James Sanfillipo, Jr. The affidavit of James Sanfillipo, Jr. averred the following: affiant was a former stockholder (25%) of JSP, an entity that went out of business in 1995; JSP "never had any contracts with any of its customers"; the defendant was an employee of JSP in 1994 and 1995 as a salesman and warehouse worker; the defendant never had an employment contract with JSP; the defendant began his own produce business in 1996 after applying for and obtaining a license; and, some of the former customers of JSP have purchased from the defendant but most of the former customers have gone to other suppliers. James Sanfillipo, Jr. further averred that neither he nor anyone else had the ability to control where these former customers would shop for produce, and that the defendant "never conspired with me or any other person to harm JSP or Thomas R. Sabatino * * * or to convert goodwill, customers or profits of JSP or Thomas R. Sabatino to his own benefits."
In defendant's affidavit, defendant averred that: he owns and operates a wholesale produce business as a sole proprietorship; neither James Sanfillipo, Jr., nor Marjorie Sanfillipo, have ever owned any interest in his business; he has no contracts with his customers; he does "not solicit business from former customers of James Sanfillipo Produce, Inc. * * * any more or any differently than I solicit other potential customer"; and, he "never conspired to harm JSP or Thomas R. Sabatino," and "never converted the ownership of any asset of JSP or Thomas R. Sabatino to my own benefit."
Plaintiff acknowledges that he failed to respond to defendant's motion for summary judgment with his own supporting materials. Plaintiff argues, however, that genuine issues of fact exist based on the above affidavits submitted by defendant and his father, as well as the affidavit of Joseph M. Mercurio. The record indicates that the affidavit of Mercurio was submitted by plaintiff earlier in the case in support of his motion for injunctive relief. We note that the affidavit of Mercurio, while referring to James Sanfillipo, Jr., makes no mention of the defendant or matters purportedly related to defendant.
Under Ohio law, a civil conspiracy consists of: "(1) a malicious combination; (2) two or more persons; (3) injury to person or property; and (4) existence of an unlawful act independent from the actual conspiracy." Universal Coach v. NYCTransit Auth. (1993), 90 Ohio App.3d 284, 292.
Under count four of his complaint, plaintiff alleged that defendants John Doe, together with the other named defendants, actively participated in the diversion of the business, customers and accounts belonging to JSP, and that defendants wrongfully converted the ownership, property and customers belonging to JSP and plaintiff to their own benefit. Plaintiff essentially contends that a conspiracy existed between defendant and his father based on the fact that defendant worked for his father in 1994 and 1995 and then started his own produce company in 1996. In his brief, plaintiff contends that it is "not a far stretch of the imagination to conclude that such a `coincidence' could * * * be determined" to be evidence of a conspiracy.
In considering the evidence in a light most favorable to the nonmoving party, the record at most indicates that some former customers of JSP have conducted business with defendant's business, while other former JSP customers have done business elsewhere. However, the fact that some former customers of JSP have conducted business with defendant is insufficient to support an inference of a conspiracy. The affidavits submitted by defendant in support of summary judgment, which are unopposed, assert that no conspiracy existed between defendant and his father to harm plaintiff or to convert the customers or profits of JSP or plaintiff to their own benefit. The affidavit of defendant's father averred that JSP did not have any contracts with any of its customers and that these customers had no legal obligation to continue to purchase from JSP. Defendant's father also averred that defendant did not have an employment contract with JSP nor was there a non-competition agreement. Defendant averred that he has no contracts with his customers, and that he did not solicit business from former customers of JSP any differently than he solicits other potential customers. Once defendant rebutted the allegations of conspiracy in plaintiff's complaint by offering a contrary explanation as to the alleged conduct, plaintiff was required to respond with "specific facts demonstrating triable issues on all essential matters for which he bears the initial burden of proof." Shaw v. J. Pollock Co. (1992), 82 Ohio App.3d 656,659. Further, "[m]ere reliance upon the pleadings is insufficient." Id. Apart from plaintiff's conclusory assertion of "coincidence" regarding the events at issue, the record presents no genuine issue of fact to support an inference of a conspiracy.
Accordingly, the trial court did not err in granting summary judgment in favor of defendant and we find plaintiff's second assignment of error to be without merit.
Based upon the foregoing, plaintiff's first and second assignments of error are overruled and the judgments of the trial court are hereby affirmed.
Judgments affirmed.
PETREE and BROWN, JJ., concur.