MILLER–VALENTINE CONSTRUCTION, INC., Appellee,

v.

IRON WORKERS LOCAL UNION NO. 55 et al.; Teamsters Local 20, Appellant.

[Cite as *Miller–Valentine Constr., Inc. v. Iron Workers Local Union No. 55* (2000), 138 Ohio App.3d 134.]

Court of Appeals of Ohio,
Sixth District, Wood County.

No. WD–99–072.

Decided June 16, 2000.

See, 90 Ohio St.3d 1452, 737 N.E.2d 55.

*David P. Pierce* and *David E. Weisblatt,* for appellee.

*Joseph M. D'Angelo,* for appellant.

---

MELVIN L. RESNICK, Judge.

This case is before the court on appeal from a judgment of the Wood County Court of Common Pleas, which dismissed appellant's motion for assessment of damages on a bond. Appellant, Teamsters Local 20, asserts the following assignments of error:

"I. The trial court committed reversible error by failing and refusing to recognize the definitive change in the procedural mechanism for obtaining damages on an injunction bond that occurred with the adoption of Rule 65(C).

"II. The trial court committed reversible error by dismissing the Rule 65(C) motion for assessment of damages rather than ruling on said motion.

"III. The trial court committed reversible error when it granted the plaintiff–appellee's motion to release bond without first ruling on the defendant-appellant's motion for damages on said bond."

Briefly, the salient procedural facts of this case are as follows. Appellee, Miller–Valentine Construction, Inc., is the owner of and general contractor for a project known as Access Pointe West in Wood County, Ohio. On May 3, 1999, appellee filed a complaint in the common pleas court. Appellee requested preliminary and permanent injunctions against several labor unions that were allegedly conducting an illegal picketing of the project. On that same date, the trial court issued a temporary restraining order that enjoined the unions from engaging in certain activities and set the conditions under which the unions could picket. Appellee was required to post a $2,000 bond. The temporary restraining order expired twenty-two days from the date it was issued. The labor unions, including Teamsters Local 20, filed answers and counterclaims. Count 3 of

appellant's counterclaim asserted a claim on the bond for damages resulting from the injunctive action. At a scheduled hearing held on May 25, 1999, on the question of whether the trial court should issue a preliminary injunction, the parties reached an agreement. Appellee consented .to a dismissal, without prejudice, of its claims against the unions; appellant and the other unions assented to dismiss, without prejudice, their counterclaims against appellee. The parties then agreed to the terms of a preliminary injunction. On June 2, 1999, the court entered a judgment reflecting the terms of the parties' settlement. On July 16, 1999, the parties filed a joint stipulation dismissing all claims and counterclaims, without prejudice.

On July 30, 1999, appellant filed a motion for assessment of damages on the bond. Appellant contended that the union suffered injury due to the issuance of the temporary restraining order on May 3, 1999. In reply, appellee filed a motion to dismiss appellant's motion and a motion for the release of the bond. On November 8, 1999, the trial court granted both of appellee's motions. In doing so, the court found that the holding in *Columbus H.V. & T.R. Co. v. Burke* (1896), 54 Ohio St. 98, 43 N.E. 282, was the controlling law. Appellant filed a timely appeal of that decision.

Appellant's three assignments of error are interrelated and shall therefore be discussed together. The central question in appellant's first two assignments of error is whether, after the adoption of the Ohio Rules of Civil Procedure, *Burke* is still valid law. In its third assignment of error, appellant asserts the trial court erred in failing to determine whether the temporary restraining order was issued wrongfully before dismissing its motion and ordering the release of the bond.

Civ.R. 65(A) allows a court to issue an *ex parte* temporary restraining order. However, the restraining order is not operative until the party obtaining it gives a bond executed by sufficient surety in an amount fixed by the court or judge allowing the temporary restraining order. Civ.R. 65(C). The purpose of the bond is to secure to the enjoined party any damages he or she may suffer "if it is finally decided that the order or injunction should not have been granted." Civ.R. 65(C) further provides that the liability of the party obtaining a temporary restraining order on the bond may be enforced by the court on motion without the necessity for a separate action.

In *Burke,* as in this case, a temporary restraining order was issued and a bond posted. The defendant later consented to a dismissal of the plaintiff's claim for injunctive relief; however, the defendant also sought damages on the bond. The Ohio Supreme Court determined that when a defendant consents to a dismissal of a plaintiff's request for injunctive relief without asking the court to determine whether the allowance of the temporary restraining . order was wrongful, the

defendant could not take any action on the bond. *Id.* at 125–126, 43 N.E. at 286–287. The *Burke* court noted:

"[T]he courts have required, as a necessary predicate, in an action on the bond, *a judicial determination* of the merits of the case in favor of the defendant in the action in which the bond was given, either in a trial on the merits or on a motion to dissolve the injunction, except those where the plaintiff dismisses his action without the consent of the defendant." (Emphasis in the original.) *Id.* at 125, 43 N.E. at 286.

According to *Burke,* a defendant who has the opportunity to insist, before the dismissal of an injunction action, on a determination of the validity of the temporary restraining order or preliminary injunction and does not do so, exhibits conduct "consistent with the inference that he intends to waive any right he may have on the bond." *Id.* at 124, 43 N.E. at 286. See, generally, 56 Ohio Jurisprudence 3d (1984), Injunctions, Section 216. The trial court found that the rule of *Burke* was "incorporated into Civ.R. 65(C)." Because appellant voluntarily dismissed its counterclaims against appellee without first seeking a determination of whether the temporary restraining order should have been granted, the common pleas court concluded that appellant "removed itself from the case."

Appellant contends that the trial court erred in following *Burke* because, unlike former statutes, *e.g.,* R.C. 2727.07, Civ.R. 65(C) provides that an action may be taken on a bond by means of a motion. Appellant also argues that *Burke* is distinguishable from the instant case because its holding relies on statutes superseded by Civ.R. 65(C).

Civ.R. 65 evinces no intent to "incorporate" the holding of *Burke* into the rule. Furthermore, Civ.R. 65(C) provides another means by which the party against whom a temporary restraining order or preliminary injunction can seek a determination of whether the issuance of the order or injunction was wrongful. That is, the party is not limited to requesting this determination in a "trial on the merits" or a "motion to dissolve" the order/injunction. Civ.R. 65(C) expressly allows an action on a bond to be made by motion. Thus, while modern cases still adhere to the rule that the litigant against whom a temporary restraining order or preliminary injunction was issued must procure a judicial determination that it was issued wrongfully before his or her right to damages on a bond, posted pursuant to Civ.R. 65(C), accrues, *Consun Food Industries, Inc. v. Fowkes* (1991), 81 Ohio App.3d 63, 69, 610 N.E.2d 463, 467; *Smith v. Gilbraith* (Mar. 16, 1990), Ashtabula App. No. 88–A–1393, unreported, 1990 WL 28666; *Beres v. Hope Homes, Inc.* (Apr. 27, 1983), Summit App.No. 10878, unreported, 1983 WL 4069, the timing of and process used to reach that determination·can vary.

For example, in *Professional Investigations & Consulting Agency, Inc. v. Kingsland* (1990), 69 Ohio App.3d 753, 591 N.E.2d 1265, the question of the wrongful issuance of a temporary restraining order was raised by means of a counterclaim and remanded to be decided on that counterclaim. *Id.* at 762, 591 N.E.2d at 1270–1271. In the case of *Del–Fair, Inc. v. Seyferth* (June 6, 1981), Hamilton App. No. C–800277, unreported, 1981 WL 9765, the party who was enjoined filed a motion for damages on the bond after the case was decided, the preliminary injunction was dissolved and the bond released. The trial court held a hearing on the motion and determined that the injunction was properly granted; therefore, the court denied the motion for damages. The First District Court of Appeals affirmed the trial court's decision. We therefore conclude that, under Civ.R. 65(C), more than one method may be used to determine the question of whether a temporary restraining order or preliminary injunction was wrongfully issued and, if so, the damages on the bond posted. Accordingly, the fact that the case was dismissed with the consent of the party against whom a restraining order was issued does not affect the ability of that party to file a motion for assessment of damages on the bond and seek the requisite judicial determination during that proceeding. See, *e.g. Del–Fair, supra.*

In the present case, appellant used two methods. While appellant consented to a dismissal of appellee's claim and dismissed its own counterclaims, both dismissals were "without prejudice." Unlike *Burke*, appellee could have refiled its claim against appellant within one year of the date of dismissal, as allowed by R.C. 2305.19, the savings statute, and appellant then could have raised and proceeded on its counterclaim. Of greater importance is the fact that appellant filed a motion for assessment of damages on the bond *as allowed by Civ.R. 65(C)*. Consequently, the trial court should not have applied *Burke* to this case. Rather, the court was required to determine whether the temporary restraining order was issued wrongfully, and, if appropriate, assess damages on the bond. Appellant's first, second, and third assignments of error are found well-taken.

On consideration whereof, this court finds that substantial justice was not done the party complaining, and the judgment of the Wood County Court of Common Pleas is reversed. This cause is remanded to that court for further proceedings consistent with this judgment. Miller–Valentine Construction, Inc. is ordered to pay the costs of this appeal.

*Judgment reversed.*

RICHARD W. KNEPPER, P.J., and MARK L. PIETRYKOWSKI, J., concur.