DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Ottawa County Court of Common Pleas that granted appellees' motion for forfeiture of bond following a temporary injunction in this annexation case. For the reasons that follow, this court reverses the judgment of the trial court.
Appellants set forth the following assignments of error:
"Assignment of Error No. 1:
 "The Trial Court Erred As A Matter Of Law By Applying The Wrong Standard In Granting Marblehead's Motion For Forfeiture Of Bond.
"Assignment of Error No. 2:
 "The Trial Court Erred By Ordering The Forfeiture Of The Appeal Bond To Marblehead When The Evidence Demonstrated That No Damages Or Injuries Were Incurred While The Injunction Pending Appeal Was In Place."
The facts that are relevant to the issues raised on appeal are as follows. In 1998, Harold Clagg, agent for owners of property on Johnson's Island, filed a petition pursuant to R.C. 709.02 seeking annexation of Johnson's Island to the village of Marblehead, Ohio. A public hearing was held and, on January 14, 1999, the Board of Ottawa County Commissioners passed a resolution approving the annexation. On March 26, 1999, appellants filed a complaint for a stay and for a preliminary and permanent injunction pursuant to R.C. 709.07. The stay was granted by judgment entry filed April 5, 1999, pending review of the annexation decision, and a hearing was held on the complaint for injunction on June 7, 1999. On July 19, 1999, the trial court filed a judgment entry in which it found that appellants had failed to establish that there was any error in the proceedings before the county commissioners, or that the findings or order of the board were unreasonable or unlawful. Accordingly, the trial court dismissed appellants' complaint for injunctive relief.
Appellants appealed the trial court's dismissal and this court subsequently granted a temporary emergency injunction prohibiting appellees from proceeding with the annexation. Appellees then asked this court to deny continuation of the injunction or, in the alternative, condition the continuation of the injunction on the posting of an appeals bond in the amount of $46,630.91, the amount appellees asserted would be lost in tax revenues should the annexation not be acted upon by September 1, 1999. On August 30, 1999, this court enjoined further action on the annexation petition pending resolution of the appeal from the trial court's dismissal, contingent upon appellants either posting a bond in the amount of $46,630.91 or submitting to this court good reason why that amount was unreasonable.
This court affirmed the trial court's dismissal of appellants' complaint for injunctive relief. Baycliffs Corporation, et al. v.Village of Marblehead, et al. (Aug. 30, 2000), Ottawa App. No. OT-99-054, unreported. The village of Marblehead completed the annexation of Johnson's Island on September 14, 2000. On October 2, 2000, appellees moved the trial court to forfeit the entire amount of bond posted, claiming that the village would have received that amount in real estate taxes but for the appeal.
On January 16, 2001, appellees' motion to forfeit the bond was heard in the trial court. The mayor of the village of Marblehead testified that if the annexation had moved forward without the injunction, the village would have received approximately $43,000 in additional property tax proceeds beginning in February 2000. He also testified that the village incurred expenses related to increased police and fire coverage and the purchase of a new police cruiser but stated that the Marblehead Volunteer Fire Department has served the island area for the past one hundred years. The mayor further testified that neighboring Danbury Township continued to pay to provide police, road, fire and other assistance to Johnson's Island until September 14, 2000, at the township's cost, as it had always done in the past. The Ottawa County Auditor testified that, in response to the mayor's inquiry as to how much tax revenue the property on Johnson's Island would generate, he calculated that amount to be $41,663.30.
By judgment entry filed April 4, 2001, the trial court summarily found appellees' motion well-taken and ordered the bond forfeited. Appellants filed a notice of appeal from the trial court's decision and then filed a motion in the trial court seeking a stay pending appeal. On August 1, 2001, the trial court denied the motion. Appellants then moved this court for a stay pending appeal and by judgment entry filed August 9, 2001, this court found appellants' motion well-taken.
In their two assignments of error, which we will address together, appellants assert that the trial court erroneously ordered the bond forfeited. Appellants argue that damages cannot be assessed against an injunction bond unless it is demonstrated that the injunction was improperly granted and that damages actually were incurred; appellants assert that appellees demonstrated neither. The trial court in this case did not make any findings as to either factor but summarily found appellees' motion to forfeit bond well-taken and entered judgment against appellants in the amount of $41,633.30 plus interest in the amount of $1,748.60.
A litigant against whom an injunction was issued must procure a judicial determination that it was issued wrongfully before a right to damages on a bond accrues. Miller-Valentine Constr., Inc. v. IronWorkers Local Union No. 55 (2000), 138 Ohio App.3d 134; Consun FoodIndus., Inc. v. Fowkes (1991), 81 Ohio App.3d 63 . This court has thoroughly reviewed the record of proceedings in the trial court, including the transcript of the January 16, 2001 hearing on appellees' motion to forfeit bond. There was no evidence presented at the hearing to support a claim that the injunction pending appeal was improperly granted and the trial court made no such finding. Because there was no judicial determination that the injunction was issued wrongly, we find that the trial court erred by awarding damages on the bond. Accordingly, appellants' two assignments of error are well-taken.
On consideration whereof, the judgment of the Ottawa County Court of Common Pleas is reversed. Costs of this appeal are assessed to appellees.
 JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., James R. Sherck, J., JUDGES CONCUR.